HARRIET D. STACKHOUSE *vs.* MARGARET L. BERRYHILL.

July 21, 1891.

**Probate of Will or Allowance of Foreign Will after Full Administration of Estate as Intestate.**—It is not requisite, in order to probate the will of a deceased person in one of the probate courts of this state, or in order to have an authenticated copy of a foreign will, and of the probate thereof elsewhere, duly allowed, filed, and recorded, as provided by sections 32 and 33 of the Probate Code, that proceedings in administration already had of the estate of such person as if he had died intestate, and which have terminated in a final decree in the same court, be first revoked, set aside, or vacated.

Appeal by the proponent, Harriet D. Stackhouse, from a judgment of the district court for Ramsey county, *Otis*, J., presiding, denying her petition for the probate and allowance of the will of H. N. Thompson, late of Washington county, Pa., which had been admitted to probate in that county in 1868.

*Daniel W. Doty*, for appellant.

*Berryhill & Davison*, for respondent.

COLLINS, J.   The judgment of the district court in this case must be reversed.   A duly-authenticated copy of the last will and testament of one H. N. Thompson, who died a resident of the state of Pennsylvania in the year 1868, and of the probate thereof in a court of competent jurisdiction of said state in the same year, was produced and presented to the probate court of Ramsey county, in this state, in which county the testator had real property at the time of his decease, with a petition of the devisee, and for the purpose of having the same duly allowed, filed, and recorded in said court.   These proceedings were authorized by, and were in strict conformity with, the terms of sections 32 and 33 of the Probate Code, (Laws 1889, *c.* 46.)

At the hearing, one Margaret L. Berryhill, alleging that she had become the owner of the real property above mentioned, through the administration proceedings hereinafter referred to, filed objections to the allowance and probate of the instrument.   The court denied the petition, and from an order of dismissal an appeal was taken to the district court, where the facts were found to be as stated by the objector, and the order appealed from affirmed,—solely, as we understand the case, because of the existence of these facts.   These were, briefly stated, that in the year 1887 letters of administration had been issued out of the probate court of Ramsey county in the matter of the estate of said Thompson, deceased, as upon the estate of an intestate, in which Charles J. Berryhill had been named as sole administrator; that he had duly qualified and acted as such, and thereafter had so far proceeded in the performance of his duties that in the month of August, 1888, the estate was fully and finally settled, and he was released and discharged from further obligation or liability as administrator.   As a part of the same proceeding, the court made and entered its order, decree, or judgment, whereby the

residue of the estate within its jurisdiction, the same being all of the real property situated in Ramsey county, was set over, assigned, and vested in one Benezet F. Thompson, a brother and alleged sole heir-at-law of the deceased, in fee, and fully acquitted from administration. The respondent, Berryhill, contended in the court below, and insists here, that so long as the letters of administration remained unrevoked, and the proceedings in probate court subsequent thereto were not reversed on appeal or vacated, the appellant could not be permitted to probate the will in this state; and this is the only question in the case.

The Probate Code (section 80) provides that if, after the granting of letters of administration on the estate of one deceased as if he had died intestate, a will is duly proved and allowed, the first administration shall be revoked by decree, and the powers of the administrator shall cease; he surrendering his letters, and rendering an account of his administration, to the court. This would seem to imply that, if a will be discovered and produced during the pendency of administration under letters issued as on the estate of one dying intestate, it must first be established as such, and then a decree of the probate court obtained of the character prescribed; or, at least, that the proceedings to probate the will and to revoke a first administration should go hand in hand, the decree of revocation being made to depend entirely upon the success of the application to prove the will. As its allowance is an essential prerequisite to any steps which can lawfully be taken towards vacating the earlier proceedings, and *non constat* that the will may be brought to probate even if the first administration be annulled and set aside, it would seem that one or the other of the modes mentioned could be the only regular or orderly manner of procedure. But the condition of affairs here does not seem to be covered by the provisions of section 80. That section refers, apparently, to a case, as before suggested, where the proceedings as if the deceased had died intestate are going on when the will is produced. Here the proceedings had terminated, and a final decree had been entered, when the will was presented to the probate court. The letters of administration were beyond recall, for their mission had ended. The order of the court whereby this will may be allowed in this state

cannot of itself reverse the first administration, nor will it have the effect to vacate and set aside the final decree therein. That decree is not subject to any collateral attack, and should be reached, if at all, by proceedings instituted for that purpose, in which all interested parties may be afforded an opportunity to be heard. But, before a proper attack can be made upon the proceedings already had, it is essential that the devisees be placed in position for the attack. This can be done through the establishment of the will. If, thereafter, steps shall be taken to set aside any of the orders or decrees heretofore made, and of interest to the respondent here, questions will arise which need not be anticipated. The effect that the filing and allowance of this certified copy may have upon the real property situated in this state, of which Thompson died seised, will remain the subject of future examination. When we consider that there must arise on such inquiry very serious questions as to the final decree, whereby this property has once been disposed of by the probate court, and that, in all probability, the interests of third parties, who have purchased for value, will have to be determined, it is apparent that the merely preliminary questions of the proof and establishment of the will itself should be first disposed of, and that the greater issues should be presented independently, and in a wholly different proceeding.

There is nothing in respondent's argument that the devisee has been guilty of laches. Neither party can be said to have moved very promptly in the matter ; one (the alleged heir-at-law) waiting about 19 years, the other (the devisee) something more than 20 years, after the decease.

Judgment reversed. The case is remanded, with directions to the probate court to file and record the authenticated copy of the will and of the probate thereof, as presented.