## KNIGHT v. KIMBLE et al.

No. 12773—Opinion Filed April 22, 1924.

**1. Estates—Estates in Real Property.**

Article 2, section 8400, et seq., Comp. Stat. 1921, entitled "Estates in Real Property," inter alia provides changes from the common law in ownership or interests in real property.

**2. Remainders—Nature of Estate.**

In Oklahoma, there is no estate in real property known as a "remainder" at common law, but certain future estates in real property may be called remainder, and may be created and transferred by that name under section 8409, statutes, supra.

**3. Guardian and Ward—Deeds—"In Remainder"—False Description.**

The words "in remainder," used to describe the quantum of real estate conveyed in guardian's deed and sale proceedings, is a false description.

**4. Same—Disposition of Case.**

Record examined, and held, that upon rejection of the words "in remainder" being words of false description, in a guardian's deed and proceedings, a sufficient description remains to convey the entire interest of the grantor, shown by the record to have been intended to be conveyed.

(Syllabus by Estes, C.)

Commissioner's Opinion, Division No. 2.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Wiley Knight, a minor, by guardian, against C. C. Kimble, Wm. H. Reading, and Gypsy Oil Company to quiet title and for other relief. Judgment for defendants, and plaintiff brings error. Affirmed.

E. B. Smith, Geo. S. Ramsey, Edgar A. de Meules, and Villard Martin, for plaintiff in error.

V. H. Albertson and T. L. Blakemore, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiff, Wiley Knight, by his next friend and guardian, sued C. C. Kimble, Wm. H. Reading, and Gypsy Oil Company in ejectment, joining therewith an action to quiet title, and for rents and profits of the land involved. Defendants answered by general denial and pleaded a former guardian's deed on a sale by probate proceedings by which and by mesne conveyance, defendants Kimble and Reading claimed ownership. The cause was dismissed as to the Gypsy Oil Company. Plaintiff, by reply, denied that any title passed by the purported guardian's sale and deed, and alleged that the sale was fraudulent and void, because the word "remainder" was used in describing the real estate. The cause was tried in equity to the court, judgment being for defendants. Hannah Knight, mother of plaintiff, died in 1911, leaving her husband and the plaintiff as her sole heirs, each inheriting one-half of the lands in controversy. The former guardian filed petition alleging that the plaintiff was the owner of "a one-half undivided interest in remainder" in the lands. The order authorized and directed the guardian to advertise and sell to the highest bidder "an undivided one-half interest in remainder" in the lands, setting out the legal numbers thereof. The return of the appraisers, the notice of sale, the return of sale, the notice of hearing on return, and the order confirming the same, each described the estate the same as the order of sale. The deed purported to convey "all the right, title, interest, and estate of the said Wiley Knight" in and to the lands (describing them by legal numbers), "the interest so conveyed being a one-half interest in the remainder in each of said parcels." On the 4th day of August 1909, Hannah Knight, a Creek Indian of the full blood, the mother of plaintiff, joined by her husband, executed an agricultural lease on the lands in controversy for five years from January 1, 1910. Said Hannah Knight died in 1911. Said lease expired about three years after the death of said Hannah Knight, and about two years after the said order of sale.

1, 2. Ownership in real property is governed by article 2, section 8400, et seq., Comp. Stat. 1921, under the title "Estates in Real Property." The various estates in real property in respect to the duration of their enjoyment, certain terms, and other matters pertaining thereto, are there defined and provided. Thus the common law of real property is changed. Section 8409 thereof is:

"When a future estate, other than a reversion, is dependent on a precedent estate, it may be called a remainder, and may be created and transferred by that name."

Thereby no estate exists in real property known as a remainder at common law. Said statute provides that certain future estates may be called a remainder and may be created and transferred by that name. This is not, however, a recognition of the common law remainder as such. We take it that this section, as well as others, are for the purpose of changing the common law in this and other respects. It is conceded by both parties—and we think properly so—that the ward did not own, and that it was not intended by said guardian's deed, to convey any future estate in the lands in controversy that might be called a remainder under said statute.

3, 4. We hold, therefore, that the use of the phrase "in remainder," in the order of sale and other proceedings, in the case at bar, is a false description. Said statutes also provide that estates tail are abolished in this state. The term "fee-tail," if used in describing the quantum of real estate in a deed, would be an attempt to convey an estate which does not exist, and would likewise be a false description. The general rule is as stated in 18 C. J. 290:

"In determining the quantity of interest conveyed by deed, the intent of the parties, if ascertainable, will prevail, the intention of the parties should, if possible, be ascertained and given effect. So where the intent to convey the entire interest of the grantor is clear from the whole deed, the instrument should be construed as to effectuate such interest."

If an intention to convey the entire interest is clear, words in the nature of falsa demonstratio may be rejected. Clark v. Hutzler, 96 Va. 73; Preston v. Heiskell, 32 Gratt. (73 Va.) 48.

In the latter case, at page 60, it is said:

"Here so much of the description as is false is rejected, and the instrument will take effect if a sufficient description remains to ascertain its application."

It is clear from the entire record that all parties concerned in the guardian sale intend to convey all the interest of the said ward. By simply rejecting the words "in remainder" in the order and in all the other proceedings, including the deed, wherein the same is used, it is evident that there remains a sufficient description to ascertain with reasonable certainty the interest to which it applies.

"So, if the description is full, true, and perfect in all respects, without certain words, and false and impossible with them, these

words must be rejected; and where some particulars are false and others true, and the latter sufficiently designate the land, those which are false and inconsistent therewith will be rejected. That is to say, words necessary to ascertain the premises must be retained, but words not necessary for that purpose may be rejected if inconsistent with the others. If, then, the description is sufficient to ascertain the estate intended to be conveyed, it will pass although some particular circumstance is added inconsistent with the description. * * * " 8 R. C. L. 1073. See cases therein cited.

We find it unnecessary to determine whether or not the said agricultural lease for five years was void or valid, since the guardian conveyed all the interest of the ward in said real estate. Counsel for both sides concede that if said lease was valid that there was in fact a sale of the reversion in said real estate, as defined, by section 8408, Statutes, supra, and have not briefed this case on the decisive question. For the reasons stated above, and because the sale does not purport to be of a reversion, we likewise find it unnecessary to discuss that matter. Consonant with the foregoing, it may be sugegsted that the county court, the guardian, and the parties would not perform a useless and idle act, and the presumption is that by said proceedings, it was intended to pass some estate. By excluding said false description as mere surplusage, it is very plain that the parties intended to convey and did convey, all the interest of the said ward. It follows, therefore, that the judgment of the trial court, upholding said conveyance, should be affirmed, and it is so recommended.

By the Court: It is so ordered.