### HALL et al., Adm'rs, v. DOLLARHIDE.

No. 15962—Opinion Filed Dec. 8, 1925.

Rehearing Denied March 30, 1926.

**1. Deeds—Delivery—Intention of Grantor.**

Where there is a question as to whether there has been delivery of a deed of conveyance so as to pass title in praesenti, the real test is the intention of the grantor; and where there is no expressed intention, the intention of the grantor will be inferred from words and conduct.

**2. Same—Deed of Gift Delivered to Third Party—Passing Title in Praesenti.**

There being nothing to the contrary shown, a property owner will be presumed to know the legal effect of a deed as distinguished from a will; and where it is the expressed intention of a property owner to give certain of his property to another person, and he chooses to make the gift by an instrument in form a deed rather than by a will, after having considered both methods, and the said instrument is executed and attested as a deed and left in the hands of the notary public with instructions to record it upon the death of the grantor, the instrument will be given effect as a deed passing title in praesenti, unless a contrary purpose appears from words or conduct, or both, of the grantor.

**3. Judgment Sustained.**

Record held to support the judgment; and the same is affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Noble County; Claude Duval, Judge.

Action by Laten J. Hall and Cleveland Hall, administrators of the estate of Charles R. Hall, deceased, against Russell A. Dollarhide. From the judgment, plaintiffs appeal. Affirmed.

Cress & Tebbe, for plaintiffs in error.

Wm. M. Bowles, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error were plaintiffs below, and the defendant in error was the defendant. The parties will be referred to herein as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs sought, by their action, to cancel a deed made by Charles R. Hall in his lifetime which, upon its face, purported to convey to the defendant, Russell A Dollarhide, land described as the south 54 acres of west half of southeast quarter of sec. 9, twp. 21 N., range 3 E. I. M., in Noble county. The deed is attacked in the first cause of action on the ground that there was no delivery to the grantee, but the deed was retained in the possession of the scrivener and notary public as agent of the grantor until the death of the grantor, and was then recorded. The attack made in the second cause of action is upon the ground that the deed was procured by undue influence, artifice, and deceit practiced upon the grantor, he being incompetent and weak mentally and incapable of making a deed. The answer of the defendant made admission of the execution of the deed attacked, and the death of the grantor, but denies the invalidity of the deed for any reason alleged; and alleges valid execution by the grantor and delivery to the grantee; and it is specifically denied that the scrivener or notary public was holding the deed as agent of the grantor. Plaintiff replied by general denial.

The cause was called for trial before the court on the 23rd of May, 1924, and plaintiffs submitted their evidence and rested. Defendant demurred to the plaintiffs' evidence, and the court sustained the demurrer and entered judgment for defendant. No evidence was offered by the plaintiffs in support of their second cause of action based upon undue influence, artifice, and deceit in procuring the deed. This cause of action was entirely abandoned upon the trial. The validity of the deed was made wholly to depend upon whether or not the deed was delivered in the lifetime of the grantor in such manner as would pass the title to the grantee in praesenti.

The plaintiffs appeal and present several propositions for reversal; but it seems that the one question decisive is whether or not the evidence of the plaintiffs established the intention of the grantor to pass title in praesenti and place the conveyance beyond recall by the grantor. The ruling of the trial court upon the defendant's demurrer was, in effect, that the evidence did not establish, and no legitimate and reasonable inference could be drawn from the plaintiffs' evidence, that the grantor intended to keep the conveyance within his control and did not intend that delivery be made until his death. It seems to be well settled that if the grantor did not intend to pass title until his death, his intention, expressed in the deed, was testamentary in character, and the instrument in form a deed amounts to a testamentary disposition of the property and cannot be upheld unless executed in manner and form provided by the statute for the execution of last wills and testaments. An examination of plaintiffs' evidence leads us to say that it does not establish that the grantor did not intend to pass title in praesenti, but intended to keep the conveyance within his power of recall and intended delivery to be made after his death. The demurrer to the evidence had the effect of admitting as true all reasonable and legitimate inferences to be drawn from the evidence. Therefore, if reasonable and legitimate inferences may be drawn from the evidence that the grantor did not intend to place the conveyance beyond recall by him, did not intend to pass title in praesenti, then to sustain the demurrer was erroneous and would require a reversal of the judgment of the trial court. If no such reasonable and legitimate inferences are to be drawn from the evidence, then the order and judgment sustaining the demurrer was correct, and the judgment for defendant should be affirmed. This leads us to an examination of plaintiffs' evidence pertinent to the issue joined upon the passing of the title.

The testimony of the plaintiffs tends to show about the following state of facts: The grantor, Charles R. Hall, was a single man and had lived many years in the home of the parents of Russell A. Dollarhide, who grew up to know and was loved by Hall. When Hall would take trips around about the sections of country where they lived, he seems to have made a habit of taking young Dollarhide with him, and often talked about him and expressed a fondness for him. It seems that toward the close of his life, the grantor had become diseased, and had what doctors diagnosed as dropsy, and no doubt

realized that in the near future death would end his physical ills. He showed some concern about making disposition of his property in part to the benefit of young Dollarhide, his boy friend. He had a friend by the name of W. M. Prather, who had been his banker, and often did such things for him as prepare papers connected with his business affairs. He had Prather called or sent for, and Prather went to the Dollarhide home where Hall lived, and Hall and Prather discussed the matter of leaving property to Russell A. Dollarhide. Perhaps the matter of making a will was discussed, or spoken of, at least. Hall was trying to find the best way to fix the title to the property described in the deed in young Dollarhide. The conclusion reached was that the better way was for Hall to make a deed in young Dollarhide's favor. Prather prepared the deed under Hall's direction, and Hall signed and acknowledged it in the presence of the grantee. Hall then directed Prather to take the deed and to file it for record when he (Hall) died. Prather, the custodian of the deed, saw the grantor, Hall, on two occasions after the deed was made and before Hall's death, and nothing was said between them about the deed. When, a short time afterwards, Prather heard that Hall had died, Prather filed the deed of record.

The facts in this case are very similar to the facts in Shaffer v. Smith, 53 Okla. 352, 156 Pac. 1188. In that case the law was declared to be:

"Where the owner of land executes an instrument, attested as a deed, and in all respects in the form of a deed, and places it beyond recall in the hands of a third person, to be delivered to his daughters at his death, it should be treated by the court as a conveyance passing title in praesenti, with the right to possession postponed until the death of the grantor."

In Johnson v. Craig, 37 Okla. 378, 130 Pac. 581, this court held that:

"Where there is a question as to where there has been a delivery of a deed of conveyance, the real test is the intention of the grantor, which intention may be manifested by mere acts or by words, or by both combined, and such acts and words and the circumstances relevant thereto are susceptible of parol proof."

The intent of the grantor should control if his intent can be determined. There is no doubt from the evidence submitted by the plaintiffs, that the grantor, Charles R. Hall, intended that Russell A. Dollarhide should have the 54 acres of land described

in the deed. The plaintiffs insist that their proof tends to show that the grantor kept, or intended to keep, the deed in his control, since he left it in the hands of Prather, and if it was so kept in his control, the grantor might have changed it or revoked it, and there ore the deed was evidence of intention to make testamentary disposition of the land, and was not operative as a deed passing title in praesenti, and could not be operative as a will since not executed as a will is required to be executed. It seems that a similar contention was made in Newton v. Bealer, 41 Iowa, 334. The contention was disposed of in this language:

"Where one, who has the mental power to alter his intention, and the physical power to destroy a deed in his possession, dies without doing either, there is, it seems to us, but little reason for saying that his deed shall be inoperative simply because during his life he might have done that which he did not do."

There seems to be no doubt that the grantor had the mental power to alter his intention. Whether he could have recalled and destroyed or changed the deed, or whether he intended to keep the deed within his power and control, is speculative, but the fact remains that after giving direction to record the deed at his death, he never again spoke of the deed to Prather, the custodian in whose hands he left the deed.

There being nothing to indicate the contrary, we must assume that both Charles R. Hall and W. M. Prather, at the time the matter of disposition of the 54 acres of land was under consideration, knew the legal effect of disposition by will or by deed. The grantor was looking for effective means of passing title to Russell A. Dollarhide. To make testamentary disposition of the 54 acres of land was thought of and talked about. It must be assumed that they knew that a will could not take effect until the testator's death; also, it must be assumed that they knew that the legal and effective means of passing the title in praesenti was by a deed. They are also presumed to have known that an instrument, in form a deed, could not be treated as a testamentary disposition of the land unless the statutory formalities for testamentary disposition were complied with. Knowing these things, as they must be held to have known, there being nothing to show that they did not know, why should Hall have Prather prepare a deed and him execute it, instead of making a will? The reasonable, legitimate and logical inference to be drawn from Hall's having made a deed instead of making a will

is that he intended to pass the title to Russell A. Dollarhide in praesenti. By a deed was all the means by which this could be done; and under the proof offered by the plaintiffs, it must be presumed and inferred that such was the intention of Hall when he made a deed instead of a will. No reasonable inferences are to be drawn to the contrary from the plaintiffs' evidence. Whether the grantor intended to retain possession of the land until his death, there seems to be nothing in the evidence to advise the court. It seems that whether or not such was his intention is a matter of no consequence. The deed was executed on the 13th of December, 1921, and the grantor died in March, 1922, without indicating his intention as to the matter of possession.

The plaintiffs cite and rely upon Snodgrass v. Snodgrass, 107 Okla. 140, 231 Pac. 237. In that case the court cited and quoted from Shaffer v. Smith, supra, and adopted the reasoning in that case. The facts here presented are very similar to those in the Shaffer Case, and very unlike the facts in the Snodgrass Case. We think the Snodgrass Case is not at all controlling here.

The plaintiffs offered to prove that W. M. Prather, who took the acknowledgment and who retained the deed until the death of the grantor, was acting as the agent of the grantor. The offer was objected to and the objection sustained. Plaintiffs present such ruling of the court for reversal. The contention is that if Prather was the agent of the grantor, and had retained the deed, his possession was the possession of his principal, the grantor; and consequently no delivery was made to Russell A. Dollarhide until it was placed of record, and the agency had been ended before that by the death of the principal. It seems to us that whether or not Prather was acting as the agent of the grantor was a matter of no consequence, at least, not controlling. If Prather had testified without objection that he was acting as agent of the grantor, still the intention of the grantor to pass the title in praesenti must control, notwithstanding such testimony. It seems that the grantor might well have left the deed in the hands of such agent as a custodian, with direction to record at his death, and still there would be nothing inconsistent with an intention to pass title as of the date of the execution of the deed. In Shaffer v. Smith, supra, it seems that one Sater was acting for the grantor. Sater prepared the deed and placed it in the bank among other papers belonging to the grantor, under the direction of the grantor, to be delivered to the grantee at his death. The fact that the friend, scrivener, and agent of the grantor, in the same sense that Prather was agent of Hall, took the deed and placed it in the bank where the grantor did business, and among other papers of the grantor, to be delivered to the grantees upon the death of the grantor, was not considered by the court as a sufficient reason for holding that the deed was testamentary in character, rather than a conveyance by deed passing title in praesenti.

We have carefully considered all the contentions presented. We find no reversible error. The judgment is affirmed.

By the Court: It is so ordered.

MASON, PHELPS, HUNT, CLARK, and RILEY. JJ., concur. NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, J., dissent.

Note.—See under (1) 18 C. J. pp. 197, 199, §95; anno. 54 L. R. A. 865; 9 L. R. A. (N. S.) 224; 38 L. R. A. (N. S.) 941; 8 R. C. L. p. 978 et seq.; 2 R. C. L. Supp. p. 700: 4 R. C. L. Supp. p. 584. (2) 18 C. J. p. 209, §114; 22 C. J. p. 148, §85. (3) 4 C. J. p. 1129, §3122.