KATIE CARLSON v. ANNA C. CARLSON AND ANOTHER.[1]

December 31, 1926.

No. 25,767.

**When probate court is without jurisdiction to determine descent.**
The probate court does not have jurisdiction to act upon a petition to determine descent under G. S. 1923, §§ 8729-8732, where the estate has previously been completely administered.

Descent and Distribution, 18 C. J. p. 876 n. 8.

Katie Carlson appealed from a judgment of the district court for Otter Tail county, Parsons, J., affirming an order of the probate court denying a petition for determination of descent of real estate. Affirmed.

*Henry Nycklemoe*, for appellant.
*Leonard Eriksson* and *Moritz Heim*, for respondents.

WILSON, C. J.
An appeal from a judgment affirming an order of the probate court denying a petition for the determination of the descent of real estate.

One John Carlson died in 1916 leaving a widow, the appellant, and two daughters, the respondents, by a former marriage. On the theory that he died intestate, his estate, including the lands here involved, was promptly administered and decreed to the parties hereto. In 1924 the widow found what purports to be a will of the decedent. She presented the same to the probate court with her petition for a decree of descent attempting to act under §§ 8729-8732, G. S. 1923. Notice was given and hearing had. The petition was denied.

Proceedings for the determination of the descent of real estate under the statute above mentioned may be prosecuted only when "no will has been proved nor any administration granted thereon

[1] Reported in 211 N. W. 578.

in this state." We are thus met at the very threshold of this proceeding with the statutory declaration that precludes the probate court from advancing such proceedings. It therefore lacked jurisdiction to do what the appellant asked it to do.

It is provided by § 8732 that upon the hearing of such petition a will may be proved but this proceeding also contemplates that a decree will promptly be made pursuant to the terms of such will in those cases where the probate court has jurisdiction to act. If the regular procedure under this statute were carried out in the present case it would mean not only that the will would be admitted to probate but that a second final decree would result which would be, of course, in conflict with the previous one. The case of Stackhouse v. Berryhill, 47 Minn. 20, 49 N. W. 392, is cited in support of the proposition that it is necessary for the will to be admitted to probate in order to authorize the devisees therein to carry on their attack against the original final decree. The case so holds. But that does not mean that the appellant is entitled to proceed under the statute asking for a decree of descent instead of presenting her will for probate in the usual and ordinary way. If the will is admitted to probate steps may then be taken to destroy the existing final decree before the court is called upon to make a final decree pursuant to such will. These things are mentioned merely to point out the distinction in the procedure. It was never contemplated that the statute authorizing a decree determining the descent of real estate should be invoked in any case where an estate had already been completely administered.

Affirmed.