IN RE ESTATE OF BERTHA W. DAVIDSON.
ALBERT JOHNSON, APPELLANT.[1]

March 21, 1930.

No. 27,669.

[1]Reported in 229 N. W. 875.

*A. J. Rockne* and *Albert Mohn,* for appellant.
*Daggett & Redlund,* for respondent heirs.

HOLT, J.

Appeal by Albert Johnson, as executor of the last will and testament of Bertha W. Davidson, deceased, from a judgment of the district court.

On August 10, 1925, pursuant to a proper petition filed and a citation duly published, an instrument dated April 13, 1916, purporting to be the last will and testament of Bertha W. Davidson, was presented to the probate court of Goodhue county for probate. The respondents, the nieces and nephews of the deceased, by their attorneys, filed a written special appearance and objections to the probate of that will on the grounds that decedent was not domiciled in or a resident of Goodhue county at the time of her death but was a resident of Ramsey county; that the will of April 13, 1916, had been revoked by a subsequent will on file in the probate court of Ramsey county, which court had assumed jurisdiction and appointed a special administrator of decedent's estate on August 7, 1925. The special administrator appointed by the probate court of Ramsey county, on the same day, also filed similar written objections in the probate court of Goodhue county, together with a certified copy of its letters and the purported will of decedent, dated July 7, 1924, which was to be presented for probate to the probate court of Ramsey county. At the hearing on August 10, 1925, the attorney for the objectors made a special appearance. The court overruled their objections. The instrument of April 13, 1916, was allowed as the last will and testament of the deceased, and Albert Johnson, the appellant, was appointed executor and has qualified. The attorneys of the objectors took no further part in the probate court of Goodhue county but at once procured from this court an alternative writ of prohibition directed to that court. The appellant herein

also procured a similar writ directed to the probate court of Ramsey county. Both writs were dismissed. In re Estate of Davidson, 168 Minn. 147, 210 N. W. 40.

While this litigation was carried on the time to appeal from the decree of August 10, 1925, admitting the will of 1916 as the last will and testament of Bertha W. Davidson, expired. Not until in December, 1926, did respondents deposit the will of 1924 in the probate court of Goodhue county and petition for its probate, at which time was obtained an order directing this appellant to show cause why the decree of August 10, 1925, should not be vacated. The hearing was set for the same time. Appellant, the executor of the first will, appeared and filed objection to the probate of the last will on the grounds that it was not the last will and testament of the deceased, that she was not then competent, and that the will of 1916 had been allowed by the court by the decree of August 10, 1925, as the last will and testament of deceased. An answer to the order to show cause was filed to the same effect but more fully setting up the failure of petitioners to protect their interests by appeal or timely application to the probate court of Goodhue county for relief. The petitioners filed a lengthy reply, claiming among other matters that this appellant, being well versed in law, was not justified in permitting the probate court of Goodhue county to proceed knowing that the probate court of Ramsey county had also assumed jurisdiction. Neither party charged the other with fraud; neither did nor could plead mistake or ignorance of fact, nor inadvertence or excusable neglect.

The court heard the order to show cause and took the evidence of proponents or petitioners as to the due execution of the will of 1924 and as to the competency of testatrix at that time, reserving to appellant the right to introduce evidence contesting the proof thus far adduced should the court vacate the decree of August 10, 1925. The court denied the motion, and the petitioners appealed to the district court, where upon the record made in the probate court findings of fact and conclusions of law were made to the effect that, in so far as the probate court dismissed the petition to have deter-

mined the validity of the will of 1924, its order be reversed, and in so far as said order and decision of the probate court refused to revoke the decree of August 10, 1925, admitting the former will to probate, the matter was remanded to the probate court with direction to first hear and determine the validity of the will of 1924, and if that will be ultimately allowed then to make "such order with reference to said prior will and its subsequent orders made in connection with the probating of said estate as will in equity be required." Pursuant to such finding and conclusions of law the judgment was entered from which this appeal is taken.

The several assignments of error are grouped and argued by appellant under three heads, of which only two need be considered. The first is that the court below should have dismissed the appeal; but, since that was not done, the court erred in making findings of fact and conclusions of law without a complete trial de novo, for it was stipulated that the matter be submitted upon the return of the probate court and that the testimony there taken "shall be considered as having been offered and received in the district court the same as if said witnesses had been called and testified."

We have here a submission to the district court of the whole controversy in the probate court upon the proceedings and the testimony there taken. The real object of the proceedings was the probate of the will of 1924. The proponents of that will had introduced testimony which required an adjudication that it was the last will and testament of Bertha W. Davidson, deceased, unless this appellant adduced proof to the contrary. Appellant had reserved that right in the probate court, and under the stipulation the same right availed in the district court, where the trial is de novo. G. S. 1923 (2 Mason, 1927) § 8988; In re Estate of Waggner, 172 Minn. 217, 214 N. W. 892. And § 8990 provides that "the district court shall make the order or decree which should have been made by the probate court, in case it can do so, and, if it cannot, it shall remand the case to the probate court, with direction to make such order or decree or proceed as it may otherwise direct." An authority often quoted upon the proposition that a decree admitting an instrument

as the last will and testament of a deceased will not, after the time for appeal therefrom has expired, bar the probate of a later will, is Bowen v. Johnson, 5 R. I. 112, 121, 73 Am. D. 49, where the court says with reference to the practice of first having requested a revocation of the first decree:

"Without deciding, therefore, that such power of revocation may not be exercised upon a direct application to the court for that purpose, we have come to the conclusion that it may be exercised upon a mere application to take probate of, or to allow to be filed and recorded a copy of, the later will, as incidental thereto."

In Vance v. Upson, 64 Tex. 266, 269, it was said:

"The proposition that the papers now claimed to be the last will cannot be probated so long as the probate of the earlier will is not revoked is unsound in principle and not sustained by authority." That is, it was good practice to let the first decree stand until it is determined whether the later will is entitled to probate. Stackhouse v. Berryhill, 47 Minn. 20, 49 N. W. 392; Crowley v. Farley, 129 Minn. 460, 152 N. W. 872, inferentially sanction the practice indicated in the last cited case.

So there was no occasion to remand the case to the probate court. And the district court should have finally disposed of the whole controversy by determining whether the will of 1924 was entitled to probate.

The real question going to the merits of the appeal is whether the decree of August 10, 1925, is so conclusive and unassailable that the later will of 1924 cannot be proposed for probate. Appellant concedes that the probate of a prior will does not preclude the probate of a later will, discovered after the decree admitting the prior instrument to probate had become immune to attack by appeal or where such decree had been obtained through fraud, mistake or inadvertence. In addition to Bowen v. Johnson, 5 R. I. 112, 73 Am. D. 49, these outstanding authorities so holding may be cited: Cousens v. Advent Church, 93 Me. 292, 45 A. 43; Waters v. Stickney, 12 Allen, 1, 90 Am. D. 122; Vance v. Upson, 64 Tex. 266; Gaines v. Hennen,

24 How. 553, 567, 16 L. ed. 770. However appellant does claim that this is not a case where respondents were entitled to relief on the ground of their excusable neglect, nor is it a case of after discovered will, nor one where an earlier will has been admitted to probate through fraud, mistake or inadvertence, but a case where the statutory right of appeal would have vindicated or established every interest the petitioners, the respondents herein, could have asserted in the probate court. Authorities sustaining this position are Delehanty v. Pitkin, 76 Conn. 412, 56 A. 881; In re Butts' Estate, 173 Mich. 504, 139 N. W. 244.

We shall not attempt to apply either line of authorities to this appeal; but content ourselves with placing this decision on the proposition that on the face of the record there was such a total disregard of an applicable statute in rendering the so-called decree of August 10, 1925, that it should be held as if void. The pertinent part of G. S. 1923 (2 Mason, 1927) § 8758, reads:

"If, upon the hearing on the petition for proof of will, another instrument in writing, purporting to be a subsequent will, or codicil or revocation of said will, or any part thereof, shall be presented in opposition thereto, said instrument shall be filed, and thereupon said hearing shall be adjourned to a day to be appointed by the court, and notice shall be given to all persons interested, which notice shall set forth the reason of said adjournment and the grounds of opposition to said will, and shall be served personally or by publication, or both, as the court may direct; at which time proof shall be taken upon all of said wills, codicils, or revocations, and all matters pertaining thereto, and the court shall determine which of said instruments, if either, should be allowed as the last will and testament of the deceased."

The record reveals that court and counsel knew of the existence of the will of 1924, that a certified copy thereof was on file in the court, that the original was on file in the probate court of Ramsey county, which court had assumed jurisdiction of the estate of decedent and had issued special letters of administration therein. It would be an intolerable condition to have the probate court in each

of two counties in this state assume jurisdiction to probate two different instruments executed on different dates by the same person as his last will and testament. Only one of the two could be his last will entitled to probate. The quoted statute was to prevent such unseemly and unnecessary strife and conflicts as have here resulted.

We hold that on the face of this record the entry of the decree of August 10, 1925, admitting the will of 1916 to probate was premature, prohibited by the statute cited, and subject to revocation at any time when upon petition the later will disclosed by the record was proved to be the last will of the deceased. It may be said that the probate court was without jurisdiction to probate the first will until the later will, disclosed by the record to be pending for probate in another county in the state, was also brought before it, by citation to its proponents to present it or otherwise, so that there could be a final determination as to which instrument was the last will of the deceased. It is undoubtedly true that by timely appeal the decree of August 10, 1925, could have been set aside, but it is also true that where on the face of the record, upon which a decree rests, there are defects of so vital a character as to be classed with those disclosing lack of jurisdiction, the decree is assailable at any time.

The judgment is reversed and the cause remanded to the district court to try and determine whether the instrument of 1924, presented for probate by respondents, is the last will and testament of Bertha W. Davidson, deceased, and to make such order or direct such judgment as may be proper in the premises.