MAYNARD, Ex'r, et al. v. HUSTEAD et al.

No. 28205. April 25, 1939.

John L. Maynard, John Caruthers and Hayes, Richardson, Shartel, Gilliland & Jordan, for plaintiffs in error.

Steele & Boatman, for defendants in error.

HURST, J. The principal question to be determined in this action is the sufficiency of the delivery and acceptance of a deed, executed by the grantor, now deceased, during her lifetime and deposited with a third person with instructions to deliver same to the grantees in event of the death of the grantor.

The undisputed facts are these: Charles E. Douglas and Alice M. Douglas were husband and wife. They had one child, Irene Taylor. Alice M. Douglas had a niece and nephew, Sylvia Hustead Grove and Frank Hustead, who had, during the early years of their life, lived for a time with Mr. and Mrs. Douglas. On May 21, 1934, Alice M. Douglas executed a general warranty deed covering two 160-acre farms and certain other property. By the terms, of the deed a life estate was given to Charles E. Douglas as to all of the property described therein, and upon his death the two farms were to go to Frank Hustead and Sylvia Hustead Grove, and all of the rest of the property described in the deed was to go to Irene Taylor. Upon the execution of the deed it was placed in an envelope together with a holographic will disposing of certain personal property (this will is involved in the Matter of the Estate of Alice M. Douglas, 185 Okla. 25, 90 P.2d. 35, this day decided), sealed and on the outside the following instructions were written:

"This Maynard is to be delivered to Chas. E. Douglas & Irene Taylor in event of my death. Alice M. Douglas."

John L. Maynard, who prepared the deed, had been attorney for Charles E. Douglas, Alice M. Douglas, and Irene Taylor for a great many years, but in the preparation and execution of the deed he was acting under instructions from Mrs. Douglas alone. Mr. Maynard took the envelope containing the deed and will to his home and it has been in his possession ever since. He testified that the existence of the deed was forgotten until it was accidentally discovered on January 6, 1937. It was never recorded.

Alice M. Douglas died on December 3, 1934. After her death Irene Taylor and her father, Charles E. Douglas, entered into

an oral agreement to divide the estate of Alice M. Douglas by an exchange of deeds. By this division, title to the two farms mentioned above became vested in Irene Taylor, and it is not altogether clear from the record as to who took the title to the other property described in the deed, but for the purposes of this appeal it is immaterial. The estate of Alice M. Douglas was administered upon in the county court and the property settlement referred to was approved. Thereafter, Mr. Douglas married Josephine C. Douglas, and on June 25, 1936, he died. Thereafter, on January 16, 1937, Frank Hustead and Sylvia Hustead Grove instituted this action.

The status of the pleadings and relationship of the parties in this action is as follows: The petition of Frank Hustead and Sylvia Hustead Grove alleged a cause of action for the recovery of real property, and Irene Taylor and John L. Maynard, as executor of the last will and testament of Charles E. Douglas, were made defendants. Upon application of plaintiffs, Robert I. Taylor, husband of Irene Taylor, was made an additional party defendant. Thereupon, Irene Taylor and Robert I. Taylor filed an answer and cross-petition, and for their answer did not affirm or deny the allegations of plaintiffs' petition, but required strict proof thereof, and admitted that Irene Taylor held record title to the two farms and that Robert I. Taylor held a lease thereon. By way of cross-petition against John L. Maynard, executor, Irene Taylor sought to quiet title in herself to all the other property described in the deed, except the two farms sought to be recovered by plaintiffs. Upon application of John L. Maynard, executor, Josephine C. Douglas was made an additional party defendant and she and Maynard, as executor, both filed answers to plaintiffs' petition and Irene Taylor's cross-petition. At the commencement of the trial, John L. Maynard, executor, filed a motion to withdraw from the jury all issues as between himself and Irene Taylor relative to the property described in the deed other than the two farms, on the ground that the action as between them was one purely in equity. This motion was overruled. At the close of the trial, but before the case was submitted to the jury, John L. Maynard, representing himself as executor of the will of Charles E. Douglas, stated in open court that he had no objection to plaintiffs recovering the relief sought in their petition, and repeatedly in his brief he has dis-

claimed any interest in the two farms they sought to recover. The court, in its instructions to the jury, did not refer to this fact, but instructed them as to the law with respect to all parties. The jury returned a verdict in favor of plaintiffs and against all the defendants on their petition, and also in favor of Irene Taylor and against John L. Maynard, executor, and Josephine C. Douglas, on the cross-petition. Judgment was rendered accordingly, and John L. Maynard, executor, and Josephine C. Douglas bring the case here on appeal.

1. There are several matters to be considered before we get to the question of the sufficiency of the delivery of the deed.

(a) It is argued that the trial court erred in submitting to the jury the issues between Irene Taylor and John L. Maynard and Josephine C. Douglas relative to the property described in the deed other than the two farms claimed by plaintiffs. It is conceded that the action by plaintiffs to recover possession of the two farms is an action at law. Likewise, we think it clear that Irene Taylor's action against Maynard and Josephine C. Douglas, being one to quiet title, is one of equitable cognizance. Wilson v. Bombeck (1913) 38 Okla. 498, 134 P. 382; Ashur v. McCreery (1931) 150 Okla. 111, 300 P. 767; 51 C. J. 136, sec. 7. None of the defendants question the right of the plaintiffs to recover the two farms, and the contest actually has resolved into one between Irene Taylor on the one hand and John L. Maynard, as executor, and Josephine C. Douglas on the other. We will assume, therefore, that as to the issues between the defendants, Irene Taylor was not entitled to a jury as a matter of right. However, in an action of equitable cognizance a jury may be called in an advisory capacity, although the court must determine all questions of fact as well as law, and on appeal we must weigh the evidence, but will not disturb the judgment unless it is against the clear weight of the evidence. Ball v. Fleshman (1938) 183 Okla. 634, 83 P.2d 870. If tested by this rule the evidence is sufficient, the complaining defendants could not be prejudiced by submitting the case to the jury, and the error in denying their motion would be harmless. Section 3206. O. S. 1931 (22 Okla. St. Ann. sec. 1068; Apache State Bank v. Daniels (1911) 32 Okla. 121, 121 P. 237, 40 L. R. A. (N. S.) 901, Ann. Cas. 1914 A, 520; Millus v. Lowrey Bros. (1917) 63 Okla. 261, 164 P. 663, L. R

A. 1918B, 336. Our view of the evidence, hereafter discussed, will dispose of this contention.

(b) It is also contended for reversal that the court erred in admitting the testimony of Robert I. Taylor on the theory that the allegation that he had a lease on the property herein involved is not supported by any evidence and is a mere subterfuge and that the statute prohibiting a husband from testifying on behalf of his wife renders him incompetent as a witness. However, assuming that the witness is incompetent for the reason suggested, nevertheless, as will be hereinafter pointed out, we find other sufficient competent evidence in the record to sustain the judgment of the trial court, and the incompetent evidence was merely cumulative. Under such circumstances we cannot say from the record that the admission of this evidence was prejudicial error. Section 3206, supra; Wilcox v. Wilcox (1937) 180 Okla. 228, 68 P.2d 494.

(c) It is argued that the court erred in refusing to submit certain instructions to the jury. But in an equity case the refusal to give instructions to the jury furnishes no ground of error on appeal. Ball v. Fleshman, supra.

(d) It will be observed that John L. Maynard, attorney for Josephine C. Douglas and who represented himself as executor, stated that he was not claiming any interest in the two farms sought to be recovered by plaintiffs and that he has no objection to plaintiffs being granted the relief they seek. It is vigorously argued that this is tantamount to an admission that the deed, in so far as it covered the two farms in question, was properly delivered and thus it cannot be denied that the delivery is sufficient as to the rest of the property described in the deed claimed by Irene Taylor. For, it is argued, "a deed cannot be delivered as to a portion of the land described therein and undelivered as to the residue." 18 C. J. 217, sec. 126. This contention appears to be supported by the authorities, and if Maynard is held to his admission, would practically dispose of this case. However, it is apparent that the trial court did not render its judgment on that theory, and without deciding that question, we prefer to decide the case on its merits.

2. John L. Maynard, executor, and Josephine C. Douglas make three principal contentions in seeking reversal on the ground that the judgment is against the clear weight of the evidence. They contend (a) that there was no delivery, (b) that there was no acceptance by the grantees, and (c) that Irene Taylor is estopped to deny the validity of the property settlement entered into between herself and her father, and cannot now claim under the deed.

(a) We will first consider the question of the sufficiency of the delivery.

It is now established in this jurisdiction that when the owner of land executes a deed during his lifetime and delivers the same to a third party with instructions to deliver the deed to the grantee upon his death, intending at the time of the delivery to forever part with all lawful right and power to retake or repossess the deed, or to thereafter control it in any manner, the delivery thus made is sufficient to operate as a valid conveyance during the lifetime of the grantor, with the right to possession postponed until the grantor's death and may be enforced after his death. But, on the other hand, if the grantor merely intends to part with such control over the deed at his death, the instrument is merely a will, and will not be enforceable unless executed in the form and manner required of wills. Leading cases establishing this rule are Snodgrass v. Snodgrass (1924) 107 Okla. 140, 231 P. 237, 52 A. L. R. 1213, with annotation at page 1222; Loosen, Adm'r, v. Stangl (1933) 163 Okla. 231, 22 P.2d 364; Anderson v. Mauk (1937) 179 Okla. 640, 67 P.2d 429. Other cases applying the same rule, with different views as to its application to the facts presented, are Johnson v. Craig (1913) 37 Okla. 378, 130 P. 581; Shaffer v. Smith (1916) 53 Okla. 352, 156 P. 1188; Wright v. Anstine (1923) 96 Okla. 162, 220 P. 928; Kay v. Walling (1924) 98 Okla. 258, 225 P. 384; Hall v. Dollarhide (1925) 116 Okla. 180, 244 P. 813. See, also, 18 C. J. 208; 8 R. C. L. 991. The real test in determining whether the delivery of a deed to a third person is effective as a conveyance in praesenti is the grantor's intention at the time of the delivery. See Anderson v. Mauk, supra. Thus, in every case the decisive question is to determine the ultimate fact of intention, for from the decided cases in this jurisdiction the rule of law is now settled. As was pointed out in Loosen, Adm'r, v. Stangl, supra, some of the reasoning employed in determining the ultimate fact of intention under the facts presented in certain of the early cases is irreconcilable, but that does not affect the law applicable here.

In the instant case John L. Maynard

testified that after the execution and acknowledgment of the deed in question, he followed the grantor to her car and the following conversation was had with reference to the deed, to use his own language:

"Mrs. Douglas, if you change your mind, you can notify me by wire and in writing you can do whatever you wish. She said, 'I will not change my mind; I am coming back'."

It also appears from the testimony on behalf of plaintiffs and Irene Taylor that after the execution of the deed, and before her death, Mrs. Douglas told plaintiffs and members of their family that she had deeded the two farms to plaintiffs and that Mr. Maynard had the deed. Their testimony also discloses that Mrs. Douglas told plaintiffs not to mortgage the property and made suggestions to plaintiffs as how they should improve it. Sylvia Hustead Grove, one of the plaintiffs, testified in part as follows:

"* * * And in May, 1934, she (Mrs. Douglas) came out to my house and said, 'Sylvia, the places are yours and Frank's; I deeded them to you today. Mr. Maynard has the papers, you write to Frank and tell him'. * * * She cautioned me, 'You should not mortgage or sell those farms. You take care of them and you will have a source of income to send those kids to college'. 'Even though Uncle Charlie gets all the revenue, you take the swamp land and put out pecan trees so that by the time your children reach college age you will have a source of income to send them to college'."

The testimony of Robert I. Taylor, which we have excluded from our consideration, pertained to a conversation with Mrs. Douglas wherein he advised her that she could not give plaintiffs the farms unless she did it before she died, and later she told Taylor she had executed a deed.

The testimony above referred to, excluding that of Robert I. Taylor, is strongly argumentative toward the conclusion of a present delivery of the deed.

On the other hand, plaintiffs in error rely on the testimony of Mrs. Maynard, who acted as stenographer for her husband, that after the execution of the deed, Mrs. Douglas came to Maynard's office "to take up those papers," but, Maynard not being present, she left and later, upon response to Mrs. Maynard's question, "You forgot the papers," she replied, "Oh, well, I will get them sometime."

Plaintiffs in error also rely strongly upon the fact that Maynard acted as attorney for Mrs. Douglas in preparing the deed and urge strongly that delivery cannot be made to one's own attorney or agent. However, although Maynard acted as attorney for the grantor in preparing the deed, there is nothing to indicate that he acted other than as a mere depository in retaining it after its execution. "An attorney of the grantor is not disqualified from assuming the duty of holding a deed in escrow for another grantee." Smith v. Smith (1916, Cal.) 161 P. 495. See, also, Hall v. Dollarhide, supra. The fact that the attorney for the grantor acts as depository is an evidentiary fact argumentative against delivery, but is not conclusive. Considering the entire record, we cannot say that the judgment of the trial court is against the clear weight of the evidence on this issue.

(b) But plaintiffs in error claim that there has been no acceptance. They rely principally upon the testimony of Maynard to the effect that Mr. Douglas stated when he learned of the execution of the deed that he would not "stand for it," and also his statement after the death of Alice M. Douglas that he would not pay any attention to the deed if one were found. There is some evidence that Irene Taylor was present and acquiesced in these statements or made similar ones, but her positive denial of this testimony preponderates as to her acceptance. We will assume, however, that the record establishes that Charles E. Douglas, the life tenant, refused to accept the deed. It is argued that the remainder interests are dependent upon the life estate, and the refusal of the life tenant to accept the life estate defeats the remainder. Under the common law this would be correct, for it was the rule that whenever the life estate was void at its inception, or for any reason did not come into being, remainders limited on it were defeated. Miller v. Miller (1913, Kan.) 136 P. 953. But the common-law rule as to remainders has been changed by statute in this state. Knight v. Kimble (1924) 99 Okla. 48, 225 P. 909. We do not need to proceed with this discussion further than to say that under our statutes the remaindermen in such a situation take by the grant irrespective of the existence or validity of the life estate. Section 11753, O. S. 1931 (60 Okla. St. Ann. sec. 28); Snodgrass v. Snodgrass, supra; see, also, section 11766, O. S. 1931 (60 Okla. St. Ann. sec. 41). The life tenant is now dead, so there can be no question as to whether the refusal of the life tenant to accept his

estate accelerated the estate of the remaindermen, or whether the life estate reverted to the grantor. The time has now expired where under either view the remaindermen are entitled to enjoy their estate. Such being the case, the refusal of Charles E. Douglas to accept the deed is immaterial.

(c) Plaintiffs in error contend that Irene Taylor is by her conduct estopped to deny the validity of the property settlement made between herself and her father, and therefore cannot now rely upon the deed. It is conceded that the conduct of Irene Taylor with respect to the recognition of the property settlement must have been with knowledge of the facts in order for the doctrine of equitable estoppel to be applicable. See Slyman v. Alexander (1927) 126 Okla. 232, 259 P. 224; 21 C. J. 1202. The question is one of fact: Did Irene Taylor at the time of the execution of the property settlement know of the existence of the deed? She testifies that she did not. There is evidence, however, that prior to the settlement in question, Irene Taylor was shown a copy of the deed here involved, but it appears that Mr. Maynard told her the original had been withdrawn by the grantor. Therefore, we cannot say that a finding that Irene Taylor did not know of the existence of the deed when she made the property settlement and for a time acquiesced thereunder would be against the clear weight of the evidence, and it follows that the doctrine of estoppel has no application here.

3. It is contended that during the period from the death of Alice M. Douglas to the death of Charles E. Douglas, when the latter was entitled to a life estate, Irene Taylor collected certain rents and profits from the property involved herein. Plaintiffs in error ask for an accounting in the event the deed is sustained. The other parties to this litigation apparently do not object thereto. There may be some question as to the right to such an accounting if the life tenant has refused to accept his life estate as urged by plaintiffs in error herein. See Miller v. Miller, supra. But for the purpose of this opinion, we have merely assumed that he did refuse to accept and we do not now pass upon that point. The cause is remanded, with directions to permit the parties to join issue on the question of an accounting in so far as the property described in the deed in question is concerned, and in all other respects the judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, and DANNER, JJ., concur. WELCH, V. C. J., and DAVISON, J., absent.