This is another case involving the Alice M. Douglas estate. As stated in our opinion in Maynard, Executor, et al. v. Hustead et al., 185 Okla. 20, 90 P.2d 30, when Alice M. Douglas died on December 3, 1934, she left a purported holographic will, which was misplaced by John *Page 26 
L. Maynard and was not discovered until January 7, 1937. Shortly after Mrs. Douglas' death, the exact date not appearing in the record, her husband, Charles E. Douglas, was appointed administrator of her estate on the assumption that she died intestate. Subsequently, on April 27, 1936, the county court approved the final account of the administrator and ordered his discharge and made distribution of the entire estate in equal shares to Charles E. Douglas and Irene Taylor, husband and daughter of Alice M. Douglas, respectively. Thereafter, the will was discovered and on January 14, 1937, Elsie Hustead and Sylvia Hustead Grove, two of the legatees named therein, filed an application in the county court to vacate the decree of distribution, attaching thereto a copy of the purported will. It appeared to be a holographic will disposing of certain jewelry, silverware, and an automobile, but contained no residuary clause disposing of other personal property, nor did it make disposition of any real estate. John L. Maynard, as executor under the last will and testament of Charles E. Douglas, who had died in June, 1936, filed a protest to the vacating of the decree of distribution entered in the Alice M. Douglas estate. At the hearing all the heirs and legatees or their representatives appeared by counsel, and after hearing, the county court entered its order vacating the decree of distribution. Appeal was taken to the district court, and the order of the county court was affirmed. John L. Maynard, as executor of the Charles E. Douglas estate and protestant below, brings the case here on appeal.
We held in Maynard, Executor, et al. v. Hustead et al., supra, that the deed executed by Alice M. Douglas was delivered during her lifetime and constituted a sufficient conveyance of the property therein described. The record here shows that said deed covered all of the real estate owned by Mrs. Douglas at the time of her death. Therefore, the present administration proceeding cannot affect the real estate. It does not appear from the record whether or not Mrs. Douglas owned any personal property aside from that disposed of by the purported will. For that reason, even though it be agreeable with all parties that the legatees receive the property given them by the will, Alice M. Douglas still died intestate in so far as concerns any other property she may have owned, and the error, if any, in vacating the decree of distribution in toto cannot, as suggested, be called harmless under the record as it appears to us.
The petitioners seeking to vacate the decree of distribution base their right under subdivisions 3, 4, and 7 of section 556, O. S. 1931 (12 Okla. St. Ann. sec. 1031), which, they point out, by section 564, O. S. 1931 (12 Okla. St. Ann. sec. 984), give the county court authority to vacate its own orders upon the grounds specified by the statute. The order may be vacated under subdivision 3 "for mistake, neglect or omission of the clerk, or irregularity in subtaining a judgment or order"; under subdivision 4 "for fraud, practiced by the successful party, in obtaining the judgment or order"; and under subdivision 7 "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending."
There is no contention here that the facts would justify the vacating of the order under subdivision 3. It is argued that Maynard practiced fraud in obtaining the order by concealing the will and acting as attorney for Mr. Douglas in securing the intestate administration with knowledge of the existence of the will. However, it is sufficient to say that he testified, and it is uncontradicted, that he knew nothing of the will until it was discovered after the close of the administration proceeding. Therefore, the right to vacate the decree of distribution, if any, must rest under authority of subdivision 7 on the ground of unavoidable casualty or misfortune which prevented the party from defending.
The substance of the protest filed by Maynard, as executor of the will of Charles E. Douglas, is that the will must first be probated, and then if admitted to probate, the parties may pursue their remedies in a court of competent jurisdiction, but they have no right to now vacate the decree of distribution.
1. Although the question is a new one in this jurisdiction and there seems to be some conflict of authority in other jurisdictions, we think the better view, and the one consistent with our statutory provisions, is that a decree of distribution in an administration proceeding will not prevent the court from admitting to probate a will subsequently discovered, and it is not necessary to first vacate or set aside the former decree of distribution. In re Walker's Estate (1911, Cal.) 117 P. 510; In re Mitchell's Estate (1931, Cal.App.) 1 P.2d 536; Stackhouse v. Berryhill (1891, *Page 27 
Minn.) 49 N.W. 392; Walden v. Mahnks (1934, Ga.) 174 S.E. 538, 95 A. L. R. 1101; see annotation 95 A. L. R. 1107.
It is not necessary to now decide what remedies the legatees may have, for the reason that under the state of the record here, the county court erred in vacating its decree of distribution before the purported will is admitted to probate and established as a valid will for the following reasons:
Section 1182, O. S. 1931 (58 Okla. St. Ann. sec. 218), provides that:
"If, after granting letters of administration on the ground of intestacy, a will of the decedent is duly proved and allowed by the court, the letters of administration must be revoked, and the power of the administrator ceases, and he must render an account of his administration within such time as the court shall direct."
In Stackhouse v. Berryhill, supra, construing a statute practically identical with the one above quoted, it was held that the provision refers only to a case where the proceedings for intestate administration are being carried on at the time the will is produced, and is inapplicable to a case where a final decree of distribution has been entered.
The attack here is a direct one, by authority of statute, upon the decree of distribution. The record discloses only an order for hearing the petition for probate of the will, and notice of such hearing, but contains no order of the county court admitting the will to probate. It appears that the order for hearing the petition for probate was entered about ten days after the date of the order vacating the final decree, setting the matter for hearing two weeks in advance. There is nothing in the record to show whether or not the will has been admitted to probate, and it is clear that it was not admitted to probate before this action to vacate was commenced. Exclusive original jurisdiction of probate matters is in the county court, and the Jurisdiction of the district court in such matters is appellate only. Oklahoma Constitution, secs. 12 and 13, art. 7; sec. 1067, O. S. 1931 (58 Okla. St. Ann. sec. 1); In re Gentry's Estate (1932) 158 Okla. 196, 13 P.2d 156. Therefore, in order for petitioners to become entitled to vacate the decree of distribution on the ground of unavoidable casualty or misfortune which caused the misplacing of the will and thus prevented them from defending in the administration proceedings, assuming that such remedy is proper, they must have first established, by order of the county court admitting the will to probate, that the instrument so misplaced by unavoidable casualty or misfortune is in fact a valid will. This duty is enjoined upon them by section 560, O. S. 1931 (12 Okla. St. Ann. sec. 1035), wherein it is provided:
"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered. * * *"
Until the will is probated, there has been no showing that petitioners had a valid defense to the administration proceedings conducted on the theory of intestacy, for section 1182, supra, provides that the letters of administration must be revoked only where "a will of the decedent is duly proved and allowed by the court." The rights of the legatees and devisees, as such, are derived solely from the will, and until it is duly admitted to probate they have no rights to enforce.
We think the language of the court in Stackhouse v. Berryhill, supra, is particularly applicable here. The Minnesota court there said:
"Here the proceedings had terminated, and a final decree had been entered, when the will was presented to the probate court. The letters of administration were beyond recall, for their mission had ended. The order of the court whereby this will may be allowed in this state cannot of itself reverse the first administration, nor will it have the effect to vacate and set aside the final decree therein. That decree is not subject to any collateral attack, and should be reached, if at all, by proceedings instituted for that purpose, in which all interested parties may be afforded an opportunity to be heard. But, before a proper attack can be made upon the proceedings already had, it is essential that the devisees be placed in position for the attack. This can be done through the establishment of the will. If, thereafter, steps shall be taken to set aside any of the orders or decrees heretofore made, and of interest to the respondent here, questions will arise which need not be anticipated."
The case must be reversed on the procedural aspect which renders the order vacating the decree of distribution premature.
The cases relied on by the legatees do not deal with the production of a misplaced will as the basis of the attack on the county court's decree, and hence are not contrary to the views herein expressed.
Judgment reversed, with directions to proceed not inconsistently with the views herein expressed. *Page 28 
BAYLESS, C. J., and OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY, J., absent.