### HITCHCOCK v. GEORGE.

No. 31089. Nov. 9, 1943.

Rehearing Denied Nov. 30, 1943.

*143 P. 2d 137.*

Hulsey & Hulsey, of McAlester, for plaintiff in error.

J. E. Layden, of McAlester, for defendant in error.

PER CURIAM. This is an appeal by Catherine Hitchcock, defendant below, from an order in partition. The parties will be referred to by their trial court designation. On the 28th day of June, 1941, plaintiff, Annestelle George, filed her action seeking to have partitioned certain real property in Pittsburg county. Since the technical description is not involved in the issues presented, the property will not be particularly described.

The defendant filed an answer and cross-petition admitting the conveyance as alleged in the petition of the plaintiff, but asserting a trust relationship by virtue of the conveyance to the plaintiff. She alleged a violation of the trust agreement, and sought an accounting for the rents and profits as allegedly appropriated by the plaintiff belonging to the defendant, and sought, in consideration of the alleged indebtedness resulting from the appropriation of the funds by the plaintiff, a larger share in the distribution in partition of the lands involved.

The court refused to consider or allow an accounting as to any funds received from the real property or to increase the value of the distribution in partition and entered its order in partition. The defendant has appealed from the order the court entered. The sole question presented is the failure of the trial court to order an accounting between the plaintiff and the defandant. A matter presented in the trial court, to wit, that the report of the commissioners, and therefore the partition approving

the report made by the trial court, is inequitable, has been abandoned by the defendant.

The record discloses that Luna Hawkins was the mother of Annestelle George, the plaintiff, Catherine Hitchcock, the defendant, and that Mercator Cook was the brother of Annestelle George and the half brother of Catherine Hitchcock; thus plaintiff and defendant were half sisters. On the 25th day of May, 1937, Luna Hawkins deeded the property involved, together with other property, to the plaintiff and defendant and Mercator Cook. In December, 1940, Luna Hawkins died. Plaintiff acquired the interest of Mercator Cook and his interest is not involved in this proceeding.

It is the position of plaintiff that this property was deeded to the three children to take effect on the death of the mother. The position of the defendant is that the deed to the property was effective at once, being delivered to the plaintiff, and that therefore the plaintiff became the trustee due to account for the rents and profits to the defendant.

Defendant cites and relies upon Shaffer v. Smith, 53 Okla. 352, 156 P. 1188, and Hall v. Dollarhide, 116 Okla. 180, 244 P. 813. No case is cited by either party in which there is discussed the right of a cotenant in a deed to the children in similar circumstances to have an accounting from a cotenant who it is claimed remains in possession of the property. Cases discussing the nature of the interest that passes by a deed to take effect on the death of a grantor and the difference between the interest created and the estate conveyed are found in the annotation following Shaull v. Shaull (Iowa) 11 A. L. R. 23 and Nalley v. First National Bank (Ore.) 76 A.L.R. 636. There is no evidence in the record tending to disclose a specific agreement by the plaintiff to account for any rents and profits except a letter introduced by the defendant written by the plaintiff which defendant received while she was living in Houston, Tex. The argument of the defendant in the brief is addressed to the legal proposition that since there was a delivery of the deed on or about the date it was executed in May of 1937, there is an implied agreement for the plaintiff to account to the defendant for the rents and profits during the succeeding years and up to and including the death of Luna Hawkins in December of 1940. The deed was found among the possessions of Luna Hawkins in the home of the said Luna Hawkins after her death. There is some evidence tending to establish that the deed was delivered either by Luna Hawkins or by the attorney for Luna Hawkins to the plaintiff. Subsequent to the date of the execution of the deed Luna Hawkins continued to occupy the premises located on a portion of the property. Subsequent to the execution of the deed in May of 1937 Luna Hawkins executed a deed to a portion of the property to a third person. During all this time plaintiff lived with her mother, collected the rents from the rental property, and paid the household bills. The mother was in weakened physical condition and plaintiff acted as her agent and housekeeper. All three of the children executed a quitclaim deed to the property deeded to the third person. In Maynard v. Taylor, 185 Okla. 268, 91 P. 2d 649, we held that the retaining of possession and the collection of the rents was inconsistent with the delivery of the deed with intent to vest title in the grantee. In the case at bar the retaining of the possession by Luna Hawkins, the joining in the execution of separate deed to the property included in the deed of May 25, 1937, at the request of the mother, the lack of any express agreement as to an accounting of any income from rents, and the fact that the plaintiff remained in the home of the mother and cared for the mother, paying her bills in the ordinary course and conduct of the home, tends strongly to support the finding of the trial court that there was no delivery of the deed with the intent of parting with the possession of the real property and the right to collect the rents and profits by Luna Hawkins. In such case the judgment will not be

disturbed unless it is clearly against the weight of the evidence. Broadwell v. Flynn, 189 Okla. 620, 118 P. 2d 1029. We hold, therefore, that where the mother executes a deed to the three children to distribute the proportionate share of the said children in real property that they would succeed to at her death, and the mother remains in possession of the property and collects the rents under the supervision of her daughter, the plaintiff, there is no implied agreement to account to the remaining daughter for the rents and profits received during the lifetime of the mother.

There was an accounting for the rents received subsequent to the death of the mother. In this respect there is no allegation of error in the petition in error of the defendant and any alleged error in failure to account properly for the rents after the death of the mother has been abandoned.

Finding no error in the judgment of the trial court, it is in all respects affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.