In re THOMAS' ESTATE.

THOMAS v. OKLAHOMA TAX COMMISSION et al.

Nos. 30616, 31001. March 23, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 929.*

Chas L. Yancey, G. C. Spillers, Kavanaugh Bush, and Charles P. Gotwals, Jr., all of Tulsa, for appellant.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, for appellee.

G. C. Spillers, of Tulsa, for plaintiff in error.

A. Francis Porta and A. L. Herr, for defendants in error.

ARNOLD, J. The will of Albert Reams Thomas was filed and duly admitted to probate in the county court of Tulsa county, Okla. Martha D. Thomas was duly appointed executrix. As such executrix she filed the return required with the Tax Commission and paid the estate tax according to her return.

On September 19, 1941, the Oklahoma Tax Commission forwarded its order assessing an additional tax and copy of auditor's valuation report on which the order was based to the executrix and her attorneys of record. The executrix immediately and without demanding a hearing paid the amount of the additional assessment under protest, gave notice of appeal, and perfected her appeal to this court.

The record discloses that immediately upon the receipt of the order assessing

the additional tax objections thereto were filed by the executrix with the Tax Commission; that thereafter, and on or about the 10th day of October, 1941, the executrix paid the additional tax assessed against the estate under protest; that no further proceedings were had before the commission, but an appeal to this court was immediately perfected.

On October 2, 1941, Martha D. Thomas, in her individual capacity, filed an action in the district court of Tulsa county against the Oklahoma Tax Commission and each individual member thereof wherein she asked that she be decreed the owner of certain interests in the real estate described in her petition; that the tax lien provided by statute which the Tax Commission caused to appear of record as against her interests in said property be decreed null and void; that it be decreed that the county court alone has jurisdiction to fix the net value of the estate of Albert Reams Thomas, deceased; and that the cloud on her title by reason thereof be removed and her title to such interests be quieted. She raised the same questions as to the validity of the Inheritance and Transfer Tax Act of 1939 as are presented in the appeal to this court from the order of the Tax Commission levying the additional assessment on said estate hereinbefore referred to.

It was stipulated at the trial in the district court that the real estate referred to in the orders of the Tax Commission is the same property as that involved in the district court action.

The evidence adduced at the trial in the district court conclusively discloses that Martha D. Thomas was the sole owner of the interests in such real estate as were set forth and claimed by her in her petition, and that her husband, Albert Reams Thomas, did not reserve to himself during his life the income from any of the interests in said property transferred to her.

The trial court found that she was the sole owner of such interests in said property; that the property referred to in the order assessing the additional tax on the estate of Albert Reams Thomas, deceased, by the Tax Commission, dated September 19, 1941, is the identical property or interests therein as are involved in the district court action; that the order assessing the additional tax was not placed on record in Tulsa county and for that reason created no lien against the interests in such property owned by Martha D. Thomas, nor did it constitute a cloud on her title so as to give the court the power or authority to quiet the title against the Tax Commission; and that judgment should be entered for the defendants. Judgment was rendered for the defendants in accordance with such findings and legal conclusions. The plaintiff appealed.

After both appeals were perfected, this court on the application of the plaintiff in error and over the objection of the Tax Commission entered an order consolidating the cases.

The appeal from the order of the Tax Commission is presented under three propositions: (1) that under sections 12 and 13, art. 7, of the Constitution the county court has exclusive jurisdiction to determine the gross and net value of estates and that the Inheritance and Transfer Tax of 1939 (68 O. S. 1941 §§ 989 to 989t) is null and void and of no force and effect insofar as it attempts to confer jurisdiction on the Tax Commission to determine said matters; (2) that the Tax Commission has no jurisdiction to try title to real and personal property; (3) that that part of said 1939 Act which purports to confer jurisdiction upon the Tax Commission to try title to real and personal property and to determine and fix values without service of legal process is unconstitutional.

The executrix asserts that the Tax Commission included property in its audit belonging personally to her and not to the decedent and by its inclusion the Tax Commission necessarily determined that such property belonged

to the decedent. This, she contends, it could not do.

The Tax Commission contends that the executrix waived this objection by foregoing the hearing provided by the act before the commission, and that the record discloses no facts justifying the contention made by the executrix in this respect; that since taxation is a legislative function and not judicial, there is no conflict with the jurisdiction of the county court; that the Inheritance and Transfer Act of 1939 does not contravene the due process clause of either the State or Federal Constitution and is valid.

The appeal from the district court is presented upon the following propositions: That it was error for the court to dismiss the action and tax the costs against the plaintiff; that the court should have entered an order quieting title to the property in controversy and should have taxed the costs against the defendants; that orders of assessment made by the Oklahoma Tax Commission assessing inheritance and transfer taxes against the estates of deceased persons create liens against the property referred to in its order coextensive with the limits of the State of Oklahoma and are not required to be filed in the several counties of the state; that the order of the Tax Commission entered September 19, 1941, and made a part of the records of the Oklahoma Tax Commission renders the title of plaintiff to the real estate in controversy unmarketable; that the facts in this case bring the order of the Oklahoma Tax Commission of September 19, 1941, squarely within the definition of what constitutes a cloud on title to real estate.

Sections 12 and 13, art. 7, of the Constitution of the State of Oklahoma provide:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, . . .

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, . . . including the sale, settlement, partition, and distribution of the estates thereof."

Unquestionably, the county court has exclusive original jurisdiction of probate matters, including power to allow claims against estates and to transact all business appertaining to the estates of deceased persons. In re Douglass' Estate, 185 Okla. 25, 90 P. 2d 35; Pittsburg Mortgage Investment Co. v. Cates, 158 Okla. 238, 13 P. 2d 156; Barrett's Estate, 181 Okla. 262, 72 P. 2d 482.

The county court, through the administrator or executor, for the purpose of paying debts and making proper distribution, handles all the property belonging to the decedent; it determines the claims against the estate and sees that the same are paid; it fixes the costs of administration in conformity with statutory provisions; it determines the heirs, legatees, and devisees, their interests in the property, and distributes such property accordingly.

Sections 12, 13, and 22, art. 10, of the Constitution provide:

"The Legislature shall have power to provide for the levy and collection of . . ., collateral and direct inheritance, legacy and succession taxes; also graduated income taxes, graduated collateral and direct inheritance taxes, graduated legacy and succession taxes, . . .

"The State may select its subjects of taxation, and levy and collect its revenues independent of the counties, cities, or other municipal subdivisions.

"Nothing in this Constitution shall be held, or construed to prevent the classification of property for purposes of taxation; and the valuation of different classes by different means or methods."

The whole matter of taxation is exclusively within the discretion and power of the Legislature, as limited by the Constitution. It alone determines

the nature, purpose, method, extent, and time as to the imposition of taxes, the subjects and all the incidents pertaining to the proceedings to collect taxes imposed by it. It may choose the department of government or officers to levy, assess, and collect taxes and fix the manner by which the valuation for such tax purposes shall be determined. The levying of taxes is a legislative function and not judicial. In re Harkness' Estate, 83 Okla. 107, 204 P. 911, 42 A.L.R. 399; In re Assessment of Kansas City Southern Ry. Co., 168 Okla. 495, 503, 33 P. 2d 772. This being true, the Legislature had authority to create the Oklahoma Tax Commission and confer upon it power to assess and collect inheritance taxes and taxes on transfer of property made in contemplation of death and authority to value properties and interests therein comprising estates for such purposes. The assessment, levy, and collection of an estate tax is not a probate but is a tax matter.

We, therefore, conclude that the Inheritance and Transfer Tax Act of 1939, same being 68 O. S. 1941 §§ 989 to 989t, in no way contravenes sections 12 and 13, art. 7, of the Constitution, supra.

In respect to taxation, the due process provision of the Constitution is satisfied, if at some stage of the proceeding, either before or after the assessment of a tax, the party assessed has notice thereof and has an opportunity to be heard, either before a judicial tribunal or a board of assessment. De Pauw University v. Brunk, 53 Fed. 2d 647, 28 Am. Jur., p. 131 § 265; Hostetter v. State, 26 Ohio Cir. Ct. 702; Hodge v. Muscatine County, 196 U. S. 276, 25 S. Ct. 237, 49 L. Ed. 477.

68 O. S. 1941 § 989i (Inheritance and Transfer Tax Act of 1939) provides that notice of the assessment of an estate tax be given to the "executor, administrator, trustee, or other applicant of the amount of tax due;" and that:

"The person, corporation, or association to whom the property is transfer-red and the administrator, executor, and trustee of every estate so transferred, who, before paying the tax, distributes or transfers any of said estate, shall, to the extent of the value of the property at the time the tax becomes due, be personally liable for such tax until its payment."

Section 989m provides that the Tax Commission shall "notify the administrator, executor, trustee or transferee and their attorney of record of such assessment," and "that if upon receipt of such notice the administrator, executor, or trustee or any party interested is dissatisfied with such finding or assessment or any appraisement made by the Tax Commission, they shall, within thirty (30) days, file with the Tax Commission their objections, in writing, specifically setting forth the grounds of their objections, and thereupon the Commission may grant a hearing, . . ."

The State Tax Uniform Procedure Act (68 O. S. 1941 § 1470) provides for notice to the taxpayer and also provides that within thirty (30) days after the mailing of such notice such taxpayer "may file with the Tax Commission a written protest under oath, . . ." and "if in such written protest the taxpayer shall request an oral hearing, the Tax Commission shall grant such hearing and shall, . . . advise the taxpayer of a date, . . . when such taxpayer may appear before the Tax Commission and present argument and evidence . . ."

An estate tax being a condition imposed upon the privilege of transmitting property, notice to the representative of the estate, he being liable therefor, is sufficient. Commonwealth v. Carter, 126 Va. 469, 102 S. E. 58; In re Blaine's Estate, 6 Alaska, 553. The statutory requirements with respect to notice were strictly complied with in this case and the taxpayer had ample opportunity to be heard fully.

We are of the opinion, and therefore hold, that the Inheritance and Transfer Tax Act of 1939 and the State Tax Uniform Procedure Act (68 O. S. 1941 §§ 1449 to 1490) are wholly sufficient in

these respects to meet the requirements of due process.

Section 1474 of the Uniform Procedure Act provides that:

"Any taxpayer aggrieved by any order, ruling, or finding of the Tax Commission directly affecting such taxpayer may appeal therefrom directly to the Supreme Court of Oklahoma."

It further provides that:

"If the appeal be from an order, judgment, finding, or ruling of the Tax Commission, assessing a tax or an additional tax, penalties, and interest, the taxpayer shall pay to the Tax Commission the amount assessed."

The record in the appeal from the Tax Commission is devoid of any testimony to show that the assessment is erroneous or incorrect in any respect, and the order must be and is affirmed.

In addition to the foregoing right of appeal to the Supreme Court, exercised by the executrix, provision is made by section 1475 of the Uniform Procedure Act for the additional remedy of payment of an assessed tax under protest and notice that the aggrieved taxpayer will file suit for recovery of the tax assessed and paid. There is no contention made herein that the executrix has availed herself of this remedy.

Section 989i, supra, provides that the tax levied under the act "shall be and remain a lien upon all the property transferred until paid, . . ." The question of whether the additional assessment in this case became a lien upon all the property considered transmitted without further action by the Tax Commission is wholly immaterial. The executrix paid the tax additionally assessed under protest, as provided by the State Tax Uniform Procedure Act. Obviously, even though the additional tax was paid under protest, all estate taxes were paid before judgment was entered in the district court. The lien created exists only until payment. All taxes having been paid on or before October 10, 1941, there was no lien upon any of the property after that time. The district court of Tulsa county held that there was no lien or cloud upon the interests in the property owned by Martha D. Thomas and, for the above stated reason, it was correct in so holding.

Judgment affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. CORN, C. J., and WELCH, J., dissent.