STATE of Oklahoma ex rel. OKLAHOMA TAX COMMISSION, Appellant,

v.

ESTATE of Betty B. HEWETT and Henry A. Hewett, Jr., Appellee.

No. 52943.

Supreme Court of Oklahoma.

Dec. 23, 1980.

Marjorie Patmon, Gen. Counsel, George F. Rozsypal, Oklahoma City, for appellant.

Herbert F. Hewett, Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellee.

DOOLIN, Justice:

Probate is the topic. Notice of personal tax liability to the surviving spouse and taxability of a life/accident insurance policy are the issues in this appeal.

Henry Hewett, Jr. worked for a company which, as part of its employees' benefits package, offered a life/accident insurance plan covering both husband and wife. The plan paid the principal amount ($100,000.00) for loss of life, both hands, both feet, one hand and one foot, or both eyes and half the principal sum for loss of one hand, or one foot, and so forth. Under terms of policy, the wife could change the beneficiary of the policy at any time. As it was she named her husband as beneficiary. When Mrs. Hewett drowned, in 1967, her entire estate consisted of joint tenancy property, plus the life/accident policy paying $100,000.00. No probate was filed. Nearly four years later Mr. Hewett conveyed the joint tenancy property to a third party, although the Tax Commission had not issued a tax release on that property. Three months after the sale Mr. Hewett secured title to the joint tenancy property by judicial determination of death, 12 O.S.1961 § 911, and shortly thereafter filed an estate tax return, listing the joint tenancy property but not the life/accident insurance policy proceeds. His return reflected no tax liability.

In quick sequence thereafter (1) the Tax Commission issued an order assessing tax ($2,769.00) against the life/accident policy proceeds as part of the estate; (2) Mr. Hewett protested the assessment in person and by counsel at a hearing during which neither he nor the Commission raised the issue of his own personal liability for the tax; (3) Hewett filed an intent to appeal the order of the Tax Commission but never perfected the appeal; (4) the Commission issued its Tax Warrant naming both the estate and Mr. Hewett personally as liable for the tax.

It is this action (4 supra) that is the genesis of the controversy dealt with in this case.

The Commission, unable to collect on its warrant, began a collection procedure through the district court by petitioning for a Hearing on Assets and an order setting same was issued. Hewett protested, and the court ordered withdrawal of its order for Hearing on Assets. The Commission appeals that decision.

## I

The Tax Commission argues proper notice of Hewett's personal liability for taxes on the transferred property (insurance policy) was given in the following notice of assessment:

"... and it is further ordered that the administrator, executor, trustee or other person charged with the payment of such tax shall pay the same ..."

The statute in question is 68 O.S.1971 § 811(a) which reads in part:

"...

The *person*, corporation or association *to whom the property is transferred* and the administrator, executor, and *trustee* of every estate so transferred who, before, paying the tax, distributes or transfers any of said estate, shall, to the extent of the value of the property at the time the tax became due, be *personally liable* for such tax until its payment ..." (Emphasis supplied).

In this case Hewett is the person to whom property (life insurance proceeds) was transferred and was, by virtue of his signing and filing the estate tax return, a self-appointed trustee of the estate or executor *de son tort.*[1]

However, the proceeds of the life/accident insurance policy were not "transferred" by the representative of the estate, but rather by operation of contract law, i. e. upon proof of death of the insured. If the estate representative had been someone other than Hewett, e. g. a court-appointed administrator, Hewett would still have received the proceeds regardless of said representative's position and authority.

So the questions remain: (1) was Hewett, as the beneficiary who received the "transferred property" under the policy, given sufficient notice of personal liability to pay estate taxes; (2) is such notice necessary or can beneficiary be charged with knowledge of the statute?

Neither side argues that notice of personal liability need not be tendered, and we agree.

■ It is axiomatic in our legal annals that if one intends to take someone's property by legal process, you must place the aggrieved party on notice of such intent. While the Commission's notice of assessment was sufficient to Hewett as representative of the estate, it did not refer to his potential personal liability. Therefore the Commission's warrant making him liable is void for want of the due process requirement of notice.

"For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified' ... It is equally fundamental that the right to notice and opportunity to be heard 'must be granted in a meaningful time and in a meaningful manner.'" *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1982, 32 L.Ed.2d 556 (1972).

The Commission contends its notice was sufficient to put Hewett on guard as to liability. We disagree.

As both parties agree, the estate could not be assessed for the tax on the insurance policy because it was insolvent. The only remaining taxable property of decedent was the policy proceeds and these went directly to Hewett as beneficiary. They (proceeds) did not pass through the estate proper. It was only Hewett as beneficiary who might be held accountable for the policy proceeds and the tax thereon. Yet the assessment notice did not mention him in that capacity. It talked about an "administrator, executor, trustee or other person charged with pay-

---

1. *Barrett v. Steel,* 189 Okl. 501, 117 P.2d 1020 (1941).

ment of such tax . . ." Hewett was not a duly constituted administrator, executor or trustee. We find the phrase ". . . other person charged with payment of such tax . . ." to be too general to place Hewett on his guard of his potential personal liability as recipient of the policy proceeds. See 68 O.S.1971 § 811(b).

Is Hewett, as beneficiary, liable personally for the tax on the insurance policy? We find that he is.

■ We have previously found that the statute authorizing personal liability for the estate representative who transfers estate assets without paying the estate tax is constitutional.[2] Hewett argues he transferred nothing as estate representative, that the policy proceeds came to him by contract as the beneficiary. Although we agree with that conclusion, it does not negate the fact that a tax is still owed on the policy proceeds, 68 O.S.Supp.1965 § 807(A)(6). If taxes cannot be paid out of other estate property, they must be assessed against and paid from the insurance proceeds. To hold otherwise would defeat the intent of the legislation leveling the tax in the first place.

■ Hewett also argues that a beneficiary cannot be forced to pay the estate tax.[3] However, the statute specifically allows such taxation, 68 O.S.Supp.1965 § 811(a).[4]

While Hewett may be personally liable for the tax, he must be afforded notice of that liability and opportunity to challenge that liability. The notice given was in his capacity as an estate representative, and not to Hewett personally. Such notice as given would not demand inquiry into the matter of personal liability as transferee or as beneficiary of the insurance proceeds. We agree with the trial court that the Commission may not simply add Hewett's

name to the tax warrant without finding upon notice that the no-probate assets in his hand are subject to assessment. The Commission hearing covered only the assessment against the estate which received proper notice. Hewett personally was not included in the assessment call and so cannot be held responsible for paying the tax assessment under these facts and conditions.

## II

The next issue is the taxability of the life/accident insurance policy proceeds. The Commission contends that because the deceased had the power to change the beneficiary at any time the proceeds should be included in her estate, and taxed as such. Hewett argues the policy is an accident contract and not a part of the estate.

The statute in question, 68 O.S.Supp.1965 § 807(A)(6)(a), seems clear enough. It includes in an estate ". . . the proceeds of life insurance, by virtue of policies taken out on the life of the decedent and in which, at the time of death, the decedent had the right, directly or indirectly, to change the beneficiary . . ."[5]

■ Hewett, for support, refers us to *Oklahoma Tax Commission v. Harris, 455 P.2d 61 (Okl.1969)* for the general proposition that proceeds from a life insurance policy, payable to a specific beneficiary and not to the insured or his estate, is not subject to estate taxes. With this general proposition, we find no controversy or fault. However the *Harris* decision qualifies this general rubric or rule and goes onto hold that if at the time of decedent's death, he had the right, directly or indirectly, to change the beneficiary . . . then the proceeds are includable in the value of the estate for tax purposes. Such is the result in this case at bar for the policy stated:

2. *In re Thomas' Estate v. Oklahoma Tax Commission*, 192 Okl. 409, 136 P.2d 929 (1943).

3. *Tapp v. Mitchell*, 352 P.2d 900, 905 (Okl. 1960):

Tapp holds only that non-probate property absent clear testamentary intent or statutory

authority is not subject to apportionment for payment of taxes—NOT—that no tax is due.

4. 68 O.S.Supp.1965 § 811(a) has not been amended.

5. See 68 O.S.Supp.1974 § 807(A)(6) & (7)(a).

"Change of Beneficiary: The right to change of beneficiary is reserved to the Insured and the consent of the beneficiary or beneficiaries shall not be requisite to any change in beneficiary."

AFFIRMED.

All the Justices concur.