249 P.3d 1258 (2011)
2011 OK CIV APP 37
In The Matter of The Income Tax Protest of Joseph F. GRASSO and Margaret J. Grasso, Appellants,
v.
The OKLAHOMA TAX COMMISSION, Appellee.
No. 107,613. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
February 18, 2011.
*1259 Michelle Grasso, Tulsa, Oklahoma, for Appellants.
Sean R. McFarland, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, Oklahoma, for Appellee.
WM. C. HETHERINGTON, JR., Presiding Judge.
¶ 1 Appellants Joseph F. Grasso, and his wife, Margaret J. Grasso, (collectively Taxpayers) seek review of an order of Appellee, the Oklahoma Tax Commission (the Tax Commission), denying their protest of additional income tax assessments for the tax years of 2003, 2004, 2005, and 2006. We REVERSE the order and remand for further proceedings.

STANDARD OF REVIEW
¶ 2 Article II of the Administrative Procedures Act (APA), 75 O.S.2001 §§ 308a-323, including § 318 which addresses judicial review of final agency orders, does not apply to the Tax Commission. 75 O.S.Supp.2002 § 250.4(B)(1); United States Fidelity & Guaranty Co. v. State ex. rel. Oklahoma Tax Commission, 2002 OK 42, ¶ 17, fn. 1, 54 P.3d 1010, 1012. Therefore, in a direct appeal to this Court from a Tax Commission order, we will review the entire record made before the Tax Commission acting in its adjudicatory authority to determine whether the findings and conclusions set forth in the agency order are supported by substantial evidence. Dugger v. State ex rel. Oklahoma Tax Commission, 1992 OK 105, 834 P.2d 964. Such order will be affirmed on appeal if the record contains substantial evidence in support of the facts upon which the decision is based and the order is otherwise free of error. Id. The Tax Commission's legal rulings are reviewed de novo and subject to this court's plenary, independent and non-deferential re-examination. Blitz U.S.A., Inc. v. Oklahoma Tax Commission, 2003 OK 50, ¶ 6, 75 P.3d 883, 885.

FACTS
¶ 3 The record facts are undisputed and extremely detailed due to the issue of Husband's domicile in this protest proceeding. All were decided in Taxpayers' favor and therefore not at-issue in their appeal. As a result, the following is a brief summary of the basic facts which we conclude are necessary to understand the appeal: Taxpayers were residents of Florida until 1973 when Husband, a pilot, was temporarily assigned to Tulsa, Oklahoma, to assist his employer in opening a freight service there. The next year, Husband was severely burned in an airplane accident, causing Taxpayers to remain in Oklahoma for his intensive medical treatment. During Husband's recovery over the next few years, the parties purchased a handicap accessible home and in 1978, Wife purchased a jewelry store to earn more income than she could as a nurse. In the fall of 1986, after 12 years of reconstructive surgeries and rehabilitation, Husband was hired as a commercial airline pilot and returned to Florida, where he still owned property. Wife and their children remained in Tulsa, but spent their vacations and holidays with Husband in Florida.
¶ 4 For the 2003 tax year, Taxpayers filed a joint federal income tax return. Their non-resident Oklahoma income tax return for the same year, Form 511NR, indicated a filing status of "married, filing jointly," Wife's residence in Oklahoma, and Husband's residence in Florida. His Florida income was excluded from the Form 511NR. For the tax year 2004, Taxpayers filed using the same federal and state returns and the identical filing status.
*1260 ¶ 5 For the tax years 2005 and 2006, Taxpayers filed joint federal returns but filed a resident Oklahoma tax return, Form 511, with a "married, filing jointly" status and which deducted Husband's wages from the federal adjusted gross income (AGI) to arrive at the Oklahoma AGI. Wife's Oklahoma address was reported on all of the above described Oklahoma returns.
¶ 6 In 2005, the Tax Commission's Compliance Division (the Division) received separate reports from the Internal Revenue Service (IRS) showing Taxpayers had omitted interest income for the 2003 tax year and omitted dividend and miscellaneous income for the 2004 tax year. Upon further review of their Oklahoma returns for the 2003-2006 tax years, the Division, by separate letters dated February 4, 2008, issued proposed assessments of additional income tax, interest and penalties against Taxpayers for the 2005 and 2006 tax years.[1] By separate letters dated March 24, 2008, the Division issued proposed assessments of additional income, interest and penalties against Taxpayers for the 2003 and 2004 tax years.[2]
¶ 7 Pursuant to 68 O.S.Supp.2002 § 221(C), Taxpayers timely protested the Division's proposed assessments for 2003-2006 tax years, in the sum of $19,489.77. They described their reasons for objecting to the Division's assessments in their April 2, 2008 letter, i.e., lack of jurisdiction over Husband because he is a non-resident, the audit of the 2003 tax year was barred by the statute of limitations, and his 2004 settlement funds were tax exempt. In November of 2008, Taxpayers paid the tax portion of each assessment under protest.
¶ 8 As part of the formal protest proceeding, the Division filed a twelve-page brief in support of its position that "[Taxpayers] were domiciled in Oklahoma for [2003-2006 tax years], they were Oklahoma residents, and [Husband's] income excluded on the Oklahoma returns is allocable to and taxable by Oklahoma." The Division further argued the assessment for the 2003 tax year was not barred by 68 O.S.2001 § 223(A) and the settlement funds were "presumptively includable" because that item was reported by the IRS to OTC. Taxpayers' pre-hearing brief stated their position on the very same issues.
¶ 9 At the April 13, 2009 hearing, the parties stipulated to admission of all but one of hundreds of exhibits. The assigned Administrative Law Judge (ALJ) also heard the testimony of Taxpayers and the Tax Commission's representative. After closing arguments, the ALJ took the matter under advisement and ultimately filed his "Findings, Conclusions and Recommendations" July 15, 2009, which included a detailed statement of the case and five pages of findings of facts. Under the "Issue and Contentions" section, the ALJ identified there were "two issues" presented for decision. The "primary issue" was "whether [Taxpayers] sustained their burden of proving that [Husband] was not a domiciliary of Oklahoma during the years in question." The "secondary issue" was "whether the proposed assessment for the tax year 2003 is barred by the statute of limitations on assessments."
¶ 10 Regarding the primary issue, the ALJ found the proposed assessments of Husband as a resident of Oklahoma were erroneous because the evidence proved Husband never abandoned Florida as his true, fixed and permanent home and principal establishment domicile and he never had the intention to make Oklahoma his permanent home. The ALJ also decided the secondary issue in Taxpayers' favor, finding the proposed assessment for the 2003 tax year was barred by the statute of limitations on assessments because the 2003 federal income tax return was corrected to include omitted income earned by nonresident Husband and the federal adjustment did not affect Oklahoma taxable income. Considering both 68 O.S.2001 § 2361 and OAC 710:50-3-40, the ALJ found the Protestants had incorrectly filed their Oklahoma tax returns for tax years 2004-2006. *1261 He recommended "the protest . . . be sustained in part and denied in part," explaining "[t]he protest to the proposed assessments is sustained; however, Protestants should be required to file correct Oklahoma income tax returns for the tax years 2004, 2005 and 2006 in the manner in which they choose."
¶ 11 The Tax Commission, by Order No.XXXX-XX-XX-XX filed September 11, 2009, adopted verbatim the ALJ's statement of the case and his detailed findings of facts. Instead of "two issues for decision," the Tax Commission determined there were "three issues," adopted verbatim the ALJ's two issues, and identified the third as "whether the designation of taxpayers' status as `married filing jointly' on their state income tax returns requires the inclusion of all income of both [Taxpayers] as Oklahoma taxable income, even if one protestant is determined to be an out-of-state resident." (Emphasis added.)
¶ 12 Under the "Conclusions of Law" section of the Order, the Tax Commission adopted the ALJ's finding that Husband's domicile was Florida, not Oklahoma, but found, contrary to the ALJ, that the proposed additional assessment for the 2003 tax year was not barred by the statute of limitations "[b]ecause [Husband] filed a state income tax return for 2003 as `married filing jointly,' he was required to report all of his income on his state return and was not allowed to exclude his income based on his residential status."
¶ 13 For the tax years 2004, 2005 and 2006, the Tax Commission relied on 68 O.S.2001 § 2361 and its rule, OAC 710: 50-3-40, for its position that if a resident and nonresident file a joint federal income tax return,[3] they must either file (1) a joint Oklahoma return, reporting all income and using "married filing jointly" rates or (2) the Oklahoma resident must file a return using "married filing separate," the couple's federal AGI is then allocated between them, and a nonresident form must be used by the nonresident if he or she has an Oklahoma filing requirement. Because of Taxpayer "married filing jointly" status, the Tax Commission determined Taxpayers were required to include "all income from both protestants" on their Oklahoma income tax returns. Based thereon, the Tax Commission determined "the protest to the Compliance Division's assessment of additional income taxes for tax years 2003, 2004, 2005, and 2006 should be and hereby is denied." Taxpayer's direct appeal to the Supreme Court followed.

ANALYSIS
¶ 14 Taxpayers allege three grounds for reversal of the Tax Commission's Order XXXX-XX-XX-XX. First, they argue the Tax Commission's interpretation of 68 O.S.2001 § 2361, as promulgated by its rule, OAC 710:50-3-40(a)(1), is erroneous because it requires Taxpayers electing to file under the status "married filing jointly" to include all of their income as Oklahoma taxable income, even though OTC determined Husband is a "nonresident" and his income undisputedly was not derived from Oklahoma. Second, Taxpayers claim they were denied procedural due process by the Tax Commission because the "third issue," which forms the sole basis of its order denying their protest, was raised for the first time during closing argument before the ALJ. Finally, they argue the Tax Commission's tax treatment of married persons, one of which is a non-resident, violates both the Oklahoma Constitution and the U.S. Constitution.[4]
¶ 15 We find the second issue is dispositive of this appeal. Although the Tax Commission is not required to comply with Article II of the APA, the due process standards embodied therein apply to all state agencies, including the Tax Commission. Lincoln Bank and Trust Co. v. Oklahoma Tax Commission, 1992 OK 22, ¶ 8, 827 P.2d 1314, 1319. The taking of one's property by *1262 legal process, including assessment of taxes against an individual in his personal capacity, is a protected interest to which due process is applicable. State ex rel. Oklahoma Tax Commission v. Hewett's Estate, 1980 OK 192, ¶ 11, 621 P.2d 542, 544. As promulgated by the Tax Commission for governing tax protests, OAC 710:1-5-21 "the Rules of Practice and Procedure before the [Tax Commission]. . . shall govern all contested proceedings before [it] or its delegated [ALJ] . . . and will be construed to secure due process in the proper resolution of every controversy."
¶ 16 "Procedural due process of law contemplates a fair and open hearing before a legally constituted court or other authority with notice and an opportunity to present evidence and argument, representation by counsel, if desired, and information concerning the claims of the opposing party with reasonable opportunity to controvert them." Jackson v. Independent School District No. 16 of Payne County, 1982 OK 74, ¶ 10, 648 P.2d 26, 30. Failure to provide notice of the specific issues in administrative hearings violates procedural due process. In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); Morgan v. U.S., 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938); Navato v. Sletten, 560 F.2d 340 (C.A.8 Mo.); Camacho v. Bowling, 562 F.Supp. 1012 (U.S.Dst.Ct.N.D.Ill.1983) and Wilson v. Labor and Industrial Relations Commission of Missouri, 693 S.W.2d 328 (Mo.App. W.D. 1985).
¶ 17 In this case, the Tax Commission's Order as well as the record supports the Taxpayers' argument the Tax Commission deprived them of their rights to procedural due process. After adopting all of the "Issues and Contentions" identified by the ALJ, the Tax Commission added a final paragraph to that same section, explaining:
Although not raised as an issue in the Division's brief and not previously communicated to taxpayers as a basis for the assessment in this matter, the Division, in closing arguments at the hearing before the [ALJ], argued that Oklahoma statutes and Tax Commission rules require the inclusion of all of both protestants' income because their returns were filed using the "married filing jointly" status. (Emphasis added.)
Most troublesome to this court is this unraised "third issue" serves as the sole basis for rejecting the ALJ's decisions on the "two issues for decision" upon which the ALJ did rule, i.e., those actually raised by the parties in the briefs allowed in protest proceedings and upon which the evidence and testimony was received. Therefore, Taxpayers were not informed of the very issue upon which the Tax Commission denied their tax protest and required Taxpayers to include all of their income, including Husband's income derived from Floridathe simple decision to file as "married, filing jointly" for the tax years 2003 through 2006.
¶ 18 Although our conclusion requires reversal of the Tax Commission's Order, it is also equally clear that the Tax Commission's Order is not based on substantial evidence. Having determined Husband was a nonresident, the Tax Commission based its decision Taxpayers were required to include all of their income, including Husband's income earned in Florida, solely on the parties' filing status as "married, filing jointly" for the years in question. As we interpret the order, the Tax Commission's decision is based on OAC 710:50-3-40(a)(2), which provides:
710:50-3-40. Husbands and wives
(a) Filing methods of married taxpayers, where one is resident and the other is non-resident. Married taxpayers who file a joint federal return, where one spouse is an Oklahoma resident (civilian or military), and the other is a nonresident civilian (non-military), must file using one of the following methods:
* * *
(2) File as though both spouses were residents. The spouses may file as if both the resident and the nonresident civilian were Oklahoma residents, on OTC Form 511, using the "married, filing jointly" filing status, and reporting all the income. A tax credit (OTC Form 511TX) may be used to claim credit for taxes paid to the other state, if applicable, under this method. A statement should be attached to the return *1263 stating that the nonresident is filing as a resident for tax purposes only.
OAC 710:50-3-40(a)(2) is based on the Tax Commission's interpretation of 68 O.S.2001 § 2361, which, in relevant part, provides:
Married taxpayers shall file joint or separate returns in accordance with the manner in which they file returns to the federal government, or in the event of an adjustment thereto by the federal government, as finally ascertained to be proper under the Internal Revenue Code; except that: where either is a resident and the other is a nonresident, they shall not be entitled to file joint Oklahoma income tax returns, but if a joint return was filed with the federal government, then the adjusted gross income as returned to the federal government, or in the event of an adjustment thereto by the federal government as finally ascertained under the Internal Revenue Code, shall be allocated between the husband and wife. The foregoing exception shall not apply if the nonresident is an active duty service member whose income is not subject to Oklahoma income tax by virtue of the Soldier's and Sailor's Civil Relief Act or if both have net income and they desire to file a joint Oklahoma return and elect to have their Oklahoma income determined and taxed on the basis of a joint Oklahoma return as if both were residents.

(Emphasis added).
¶ 19 By the emphasized phrase above, § 2361 requires three things of married taxpayers, one of which is a resident and the other is a nonresident, in order to file a joint income tax return: (1) both must have net income, (2) they must desire to file a joint Oklahoma return, and (3) elect to have their Oklahoma income determined and taxed on the basis of a joint Oklahoma return as if both were residents.[5] Pursuant to OAC 710:50-3-40(a)(2), this third requirement is satisfied by requiring the married taxpayers to attach a statement "stating that the non-resident is filing as a resident for tax purposes only."
¶ 20 Based on our review of the entire record, there is a total absence of evidence on this requirement. Taxpayers did not attach to or file any statement with their joint Oklahoma tax returns for the tax years 2003 through 2006. More importantly, although joint Oklahoma income tax returns were filed, each return excluded and/or deducted Husband's Florida income. Therefore, there was no evidence of intent or desire to elect to have their Oklahoma income determined and taxed on the basis of a joint Oklahoma return as if both were residents.
¶ 21 As the Tax Commission's Order points out, "[t]axation is an exclusively legislative function that can be exercised only under statutory authority and in the manner specified by statute." (Emphasis added.) State ex rel. Oklahoma Tax Commission v. Texaco Exploration & Production, Inc., 2005 OK 52, ¶ 7, 131 P.3d 705, 707. We are also in full agreement with its statement that followed, "[a]ccordingly, the basis for assessing income tax must be found in the Oklahoma Income Tax Act." The Tax Commission further acknowledges "domicile forms the basis for imposition of state income tax on the income of an individual." Suglove v. Oklahoma Tax Commission, 1979 OK 168, ¶ 4, 605 P.2d 1315, 1317.
¶ 22 That part of the Tax Commission's order determining Husband's domicile was Florida, not Oklahoma, is AFFIRMED. However, the Tax Commission's determination that the filing of joint Oklahoma returns alone requires the inclusion of Husband's Florida income on their Oklahoma returns was a "new issue" which deprived Taxpayers of procedural due process and, furthermore, is not supported by any evidence. As a consequence, the Tax Commission erroneously concluded the additional assessments for the 2003 tax year was not barred by the statute of limitations provided by 68 O.S.2001 § 223(A) and that the Taxpayers' protest for the remaining years should be denied.
*1264 ¶ 23 Based on the foregoing reasons, the Tax Commission's order denying Taxpayers' protest is REVERSED. Taxpayers claim they are entitled to a refund for the additional taxes, penalties, and interest they paid under amnesty which claim is dependent on whether they are entitled to amend their returns more than three years after the filing of their original return. 68 O.S.2001 § 2373. Although the ALJ recommended Taxpayers be permitted to amend their 2004-2006 returns, the Tax Commission's Order expressly refused to address that issue. As a result, the matter is AFFIRMED IN PART, REVERSED IN PART AND REMANDED to the Tax Commission for further proceedings consistent with this opinion.
BELL, C.J., and HANSEN, J., concur.
NOTES
[1] At the formal hearing before the ALJ, the Tax Commission's representative, Doug Ellis, explained the Division adjusted the 2005 and 2006 returns by denying Taxpayers' deduction of Husband's wages for "lack of substantiation."
[2] Apparently due to prior notice from the IRS, Taxpayers filed amended federal and state returns for tax year 2004, the latter of which still excluded Husband's Florida income.
[3] A "resident" is defined by 68 O.S.2001 § 2353(4) as a "natural person who is domiciled in this state," whereas the same section defines a "nonresident individual" as "an individual other than a resident individual or a part-year resident individual."
[4] Determination of the constitutionality of a statute, even if in serious doubt, will be avoided if a construction is fairly possible otherwise. Neumann v. Oklahoma Tax Commission, 1979 OK 64, n. 1, 596 P.2d 530.
[5] "An election is a choice between two alternative and inconsistent rights, either of which may be asserted by the chooser alone. An election implies a choice between existent rights evidenced by an overt act." C.H. Leavell & Company v. Oklahoma Tax Commission, 1968 OK 127, ¶ 13, 450 P.2d 211, 214.